June, 1809.

HALSEY
v.
BROWN.

*Clark* was incorrectly reported: No sort of inference ought to be drawn from it.]

SILAS P. HALSEY *against* JESSE BROWN, JESSE BROWN, jun. ZEBULON P. BURNHAM, and DYER PERKINS.

In an action against the owners of a vessel, for a quantity of gold and silver coin, taken by the master at *Nevis*, on freight, evidence of a custom of merchants in *Connecticut* and *New-York*, that the freight of money received by the master is his perquisite, and that he is to be personally liable on the contract, and not the owners, was held to be admissible.

MOTION for a new trial.

This was an action of *assumpsit*, brought against the defendants as owners of the brig *Eliza*, for 65 pennyweight of *Portuguese* and *Spanish* gold, and 100 *Spanish* milled dollars, shipped by the plaintiff at *Nevis*, on board said brig, to be transported, and delivered to a mercantile house in *New-London*, for which the master gave the plaintiff a bill of lading in the usual form.

The defendants pleaded the general issue.

On the trial, the defendants offered to prove, that there was a usage or custom of merchants existing in the state of *Connecticut*, and at *New-York*, that the freight of *money* received by the master of a vessel was his perquisite; that he was to be compensated for the trans-

portation of it, and not the owners of the vessel; and that
the contract was considered as being personal, and of
individual obligation, but not as the contract of the
owners. To the admission of this evidence the plaintiff
objected. The court overruled the objection, and ad-
mitted the evidence. The defendants thereupon obtain-
ed a verdict; and the plaintiff moved for a new trial.
The question being reserved for the opinion of the
nine judges,

*Hosmer* argued in support of the motion.

1. The law rendering the owners liable for goods re-
ceived by the master to be transported is *settled.* The
contract of the master is the contract of the owners;
his non-delivery is their non-delivery. The maxim
applies here *respondeant superiores. Abbott,* 88—94.
*Ellis* v. *Turner,* 8 *Term Rep.* 533.

2. The law upon this point being settled, no usage of
merchants could be admitted. Usage is admissible
only in explanation of *doubtful* points. *Edie et al.* v.
*East-India Company,* 2 *Burr.* 1216.; particularly the
opinions of Lord *Mansfield,* p. 1224. of Justice *Denison,*
p. 1226. and of Justice *Foster,* p. 1228. *Marsh. on Ins.*
609.

3. If proof of any usage were admissible to the point
under consideration, still the usage proved in this case
was inadmissible. The contract was entered into at
*Nevis,* a foreign country. The usage of merchants in
*Connecticut* was perfectly irrelevant as to the construc-
tion to be given to it. *Robinson* v. *Bland,* 2 *Burr.* 1078.
This contract was not made *with a view* to the laws of
this state; much less with a view to any special usage.

Further, evidence was admitted to prove the usage of *New-York.* The contract was not made there; it was not to be performed there; neither of the parties lived there. The usage of *Kampschatka* might as well have been admitted.

4. But it will be said, that the master was to receive the freight. That this circumstance makes no difference is settled by the case of *Boucher* v. *Lawson, Cas. temp. Hardw.* 85. *Abbott,* 89. This perquisite diminishes the *wages* of the master; and, in that way, goes to the benefit of the owners.

*Goddard,* contra.

There is no question before the court as to the liability of the owners. The court did not instruct the jury, that the usage was to control the law. The objection to the evidence was merely, that it was *irrelevant.* To support the objection, it must be shown, that the evidence could not be admitted to prove any case, which could be made out under the declaration.

[SWIFT, J. The question which was meant to be reserved was, whether this usage could be admitted to explain the law.]

*Goddard* then contended, that no case was to be found, embracing the circumstances of this case, in which the owners had been held liable; and that it was proper to show the general usage and understanding of merchants in this state, where the defendants lived, in order to get at the true construction of this contract. Having shown the usage here, what objection could there be to proving that it existed at *New-York* also? Does the universality of the usage render it the less proper to be received? Its existence at *New-York* came in incidentally.

By the Court. The question in this case is, whether evidence of a particular custom or usage can be given in evidence to control a general law.

The general law applicable to the commercial world, that owners of vessels are answerable for the contracts and conduct of their masters, when acting within the scope of their authority, must be admitted. But as it is a principle, that the general common law may be, and in many instances is, controlled by special custom; so the general commercial law may, by the same reason, be controlled by a special local usage, so far as that usage extends; which, will operate upon all contracts of this nature, made in view of, or with reference to, such usage.

We are, therefore, of opinion, that the evidence offered to prove the particular usage in this case was admissible.

New trial not to be granted.