*New-Haven,*
June,
1819.

*Barkhamsted*
*v.*
*Parsons.*

---

## BARBER *against* BRACE and others.

*June* 11.

Where the master of a vessel received several hogsheads of gin on board, to transport from *Hartford* to *Boston,* at customary freight, which was stowed on deck, and ejected, during the voyage, by reason of tempestuous weather; it was held, that the owners were liable for the loss, unless such stowage was authorised by consent of the shipper, or by custom.

Where the master of a vessel, receiving goods on board for transportation, gave to the shipper a writing, acknowledging the receipt of the goods, and stating that they were to be transported to the place of destination, at customary freight, dangers of the seas excepted; it was held, that a parol agreement between the shipper and master, before and at the time of giving the writing, as to the mode of stowing the goods, was inadmissible to shew the terms of the shipment, as all such communication between the parties is to be considered as merged in the writing.

In such case, a parol agreement *posterior* to the written contract, would be admissible to justify the conduct of the master.

A commercial custom, generally known, is evidence of the intention of the parties, in a transaction to which that custom is applicable.

A charge of negligence and mismanagement in the stowage of certain goods shipped for transportation, may be repelled, by proof of a custom to stow goods of that description, for such a voyage, in that manner.

Where the defendants offered evidence to prove a certain fact material to their defence, which, being objected to, the court declared to be inadmissible for that purpose, and accordingly rejected it, but afterwards admitted it, to discredit the plaintiff's witnesses; and in charging the jury, the court sub-

mitted that fact to them, on the evidence generally, without instructing them, that the evidence first mentioned was inadmissible in support of it ; after verdict for the defendants, it was held, that this omission in the charge was no ground for a new trial.

THIS was an action on the case against the defendants, as owners of the sloop *Mary*, for the loss, by negligent management and careless stowage, of eight hogsheads of gin, shipped on board that vessel at *Hartford*, to be transported thence to *Boston*.

The cause was tried at *Hartford*, *February* term, 1819, before *Hosmer* and *Peters*, Js.

On the 27th of *November*, 1816, the plaintiff, living at *East-Windsor*, sent down *Connecticut* river, to *Hartford*, in a boat under the care of one *David Abbe*, eight hogsheads of gin, to be transported thence to *Boston*, in the sloop *Mary*, of which the defendants were owners, and one *Nathaniel Hurlbut* was the master. *Hurlbut* received the gin, on board, and gave the following writing : " Received, on board the sloop *Mary*, eight hogsheads of gin, of *Horace Barber*, to be transported from *Hartford* to *Boston*, at customary freight ; dangers of the seas excepted. *Hartford*, *November*, 27, 1816.

(Signed)                              *Nathaniel Hurlbut*."

The gin was stowed upon the deck of the sloop, which was a high-decked vessel, and there remained, until, in the course of the voyage, it was thrown over-board, by reason of the dangers of the seas. The cargo within the hold was carried safely to *Boston*. The defendants resisted their liability for the loss of the gin, on the ground that it was stowed upon deck by the plaintiff's consent. To establish this fact, they offered to prove, that when the boat came along-side the sloop, *Hurlbut* informed *Abbe*, the boatman, that the gin could not be carried by that vessel in any way, except upon the deck ; that *Abbe* consented that it should be so carried ; that while the hands were putting the gin on board, *Hurlbut* again made the same statement to *Abbe*, and requested him to give notice thereof to the plaintiff at *East-Windsor*. The plaintiff objected to the admission of this testimony, it being parol, and its object and effect being to vary or contradict the writing given by *Hurlbut*. The court rejected such testimony as inadmissible for that purpose ; but it was afterwards admitted solely for the purpose of contradicting certain statements of the plaintiff's witnesses ; and the court, at the request of the plaintiff's

counsel, prohibited the counsel for the defendants from commenting upon it to the jury.

New-Haven,
June,
1819.

Barber
v.
Brace.

Some of the witnesses introduced by the defendants, testified, that *after* the delivery of the receipt by *Hurlbut*, *Abbe* agreed with him, that the gin should be stowed on deck.

The plaintiff's counsel afterwards requested the court to charge the jury, that *Abbe*, merely as such boatman, had no power to agree, that the gin might be stowed on the deck of the vessel, so as to bind or affect the plaintiff, without his consent; and that the jury ought not to take into consideration said parol testimony as proving that the plaintiff did so consent, but only for the purpose of contradicting the plaintiff's witnesses.

The defendants claimed, and offered testimony to prove, that there existed a custom of the trade in transporting property in vessels, that property shipped as this was, might be stowed on the deck of the vessel, at the shipper's risk, without any agreement by him to that effect. The plaintiff contended, and offered witnesses to prove, that no such custom existed.

The court charged the jury as follows : " It is admitted, that this gin was cast overboard in tempestuous weather ; and that it was stowed on the deck of the vessel. The defendants claim, that there was an agreement that it should be stowed there. If this fact is proved, you will give your verdict for the defendants. But if there was no such agreement, the defendants are liable for the loss, unless you find a custom proved, which authorized the stowage of the gin on the deck."

The jury found a verdict for the defendants ; and the plaintiff moved for a new trial, on the ground of a misdirection. This motion was reserved for the consideration and advice of all the Judges.

*T. S. Williams* and *Trumbull*, in support of the motion, observed, that the gin having been received " to be transported at customary freight," the master was not authorized to stow it on the deck, except by *consent* of the shipper, or in pursuance of a *custom* of the trade. They then contended,

1. That the court ought to have instructed the jury, that the defendants were not exempted from liability, by reason of the plaintiff's consent. In the first place, *Abbe*, the boatman, being only the *special* agent of the plaintiff, to bring the gin to *Hartford*, and put it on board the sloop *Mary*, had no authority

*New-Haven,*
June,
1819.

Barber
*v.*
Brace.

to make any agreement respecting its stowage. Secondly, the evidence adduced to prove the plaintiff's consent, was inadmissible for that purpose, and was admitted only for a different purpose. If it be said, that as the court decided the evidence to be inadmissible to prove the plaintiff's consent, he has nothing to complain of; the answer is, that after this, the court submitted to the jury the question of consent, which rested in part on that evidence, without instructing them that it could have no bearing upon the question. The jury were necessarily led to suppose they must take it into consideration.

2. That the court ought to have instructed the jury *what* custom, if proved, would, by law, authorise the stowage of the gin on deck. A custom may be *general* or *particular*. A general custom is part of the law, and to be decided by the court. A particular custom must be pleaded, and found by the jury. It must appear what such custom is; surely, finding *a* custom is insufficient. This part of the charge does nothing towards enlightening the jury *as to the law*. It is in effect only this: If you find such a custom as authorized the stowage, then it *did* authorise the stowage, and the defendants are not liable.

*N. Smith* and *Staples*, contra, contended, 1. That no question could arise on this motion, with regard to the plaintiff's assent, through his agent, the boatman; because the court excluded it, for the purpose of proving such assent. If, after this, it was left to the jury to say, whether an assent were proved, why should the plaintiff complain? It was a question of *fact* within their province. If the other evidence before them which was not objected to, did not prove an assent, they would, of course, find none. They were in the presence of the court; heard the decision upon the evidence offered; and must be presumed to have been guided by that decision, as much as though it had been repeated in the charge.

2. That the charge as to a custom to stow goods on deck, was unexceptionable. The defendants were charged with negligence and mismanagement in the stowage. This the plaintiff must make out. It is not sufficient for him to shew, that the goods were stowed on deck, and to stop there. But suppose, that this would raise a presumption of negligence and mismanagement; would it not repel that presumption, to shew, that the goods were stowed in the *customary* manner? And was not

this, exclusively, a question for the jury to consider? Can the court know, as matter of *law*, that the carrying of goods on deck is negligence and mismanagement?

HOSMER, Ch. J.    The defendants undertook, by a contract in writing, to transport, on board the sloop *Mary*, eight hogsheads of gin, from *Hartford* to *Boston*.    They were stowed on the vessel's deck, and were cast overboard in tempestuous weather.    It is not pretended, that the *jettison* was without justifiable cause; but that the loss was occasioned by *negligent management*, and *careless stowage*.    The gin, it is said, ought to have been put in the hold of the vessel, and not on her deck. The defendants claimed, that the stowage on deck was pursuant to an agreement of the parties, made *posterior* to the written contract.    The court instructed the jury, that if the agreement was proved, they must find for the defendants.    To this part of the charge no objection has been made, except that the person who delivered the gin was a special agent, and could not bind the plaintiff, unless he were specially authorised. *Fenn* & al. v. *Harrison* & al.    3 *Term Rep.* 757. 760.

To this objection the reply is conclusive, that it is not presented by the motion.    The plaintiff, for aught that appears, made the contract personally, or by some one invested with explicit authority.    The evidence relative to the conversation with the boatmen the court instructed the jury to disregard; except so far as it invalidated the testimony of the plaintiff's witnesses.

The defendants adduced testimony to prove, that it was the usage of the trade between *Hartford* and *Boston*, to transport gin on the vessel's deck.    The jury were instructed, that if a custom authorising the stowage was satisfactorily proved, it repelled the imputation of mismanagement and negligence. The principle of law comprised in the charge is not susceptible of doubt.    A commercial usage, having existed a sufficient length of time to have become generally known, and to warrant a presumption that contracts are made in reference to it, is evidence of the intention of the parties, and illustrative of their agreement.    *Parr* v. *Anderson*, 6 *East* 202.    *Lethulier's* case, 2 *Salk.* 443.    *Noble* & al. v. *Kennoway, Doug.* 510. *Halsey* v. *Brown* & al.   3 *Day* 346.    *Vallance* v. *Dewar*, 1 *Campb.* 503.    *Coit & Pierpont* v. *The Commercial Insurance Company*, 7 *Johns. Rep.* 385. 390.    On a subject so trite and fa-

*New-Haven,*
June,
1819.

Barber
*v.*
Brace.

miliar, it was not necessary for the court to be more particular in their charge. The simple idea requisite to be communicated, was this; that if it was customary to stow gin on the vessel's deck, the stowage in that place was authorised. The true test on this subject, is, the obvious answer to the question, whether the jury comprehended the force of the instruction given. In this case, that they did, no person can entertain a serious doubt. On this point it is unnecessary to expatiate. Reject from the charge every thing relative to usage, and the charge was precisely correct.

What is the rule of the *common law* respecting the mode in which goods are to be carried? So far as relates to this enquiry, the bailee is bound to exercise ordinary care, and is responsible for ordinary neglect. The action of the plaintiff is founded on this principle. The gist of his complaint is, that the defendants mismanaged in the stowage, and did not exercise ordinary care. Now, proof that they did what prudent men *usually* do, repels every imputation of neglect, want of care, and inattention to the obligations of the contract. Thus, the rule of the common law and the usage of merchants are in entire harmony on the subject under discussion; and both of them coincide with the charge to the jury.

The defendants offered parol testimony to prove, that at the time the written contract was executed, there was a verbal agreement made to transport the gin on the sloop's deck. The testimony was rejected; the whole conversation both *before* and *at* the time the writing was given, having been *merged* in the written instrument. 5 *Vin. Abr.* 516. *pl.* 18. 517. *pl.* 26. *Mumford* & al. v. *McPherson* & al. 1 *Johns. Rep.* 414. *Rich* v. *Jackson,* 4 *Bro. Ch. Ca.* 514. *Parkhurst* & al. v. *Van Courtlandt,* 1 *Johns. Ch. Rep.* 272. 282. *Stevens* & al. v. *Cooper* & al. 1 *Johns. Ch. Rep.* 425. 429. *Botsford* v. *Burr,* 2 *Johns. Ch. Rep.* 415. Afterwards, however, it was admitted, exclusively, for contradicting the plaintiff's witnesses. The court prohibited the defendant's counsel from commenting, to the jury, on the testimony, for any other purpose; and this was explicitly, and publicly, declared. A new trial is now requested, because the court, in their charge, did not instruct the jury in a manner more formal and direct. There is no magic in the mode of communicating ideas to a jury. They were fully possessed of the court's opinion on the point of law, and can no more be presumed to have disregarded it, than if the communication

had been made in the charge.    New trials are not awarded on *New-Haven,*
June,
1819. *formal* objections ;  but on such as are applicable to the *merits* of the cause.

Barber
*v.*
Brace.

I am of opinion that a new trial ought not to be granted.

The other Judges were of the same opinion.

New trial not to be granted.