## WARING v. MORSE.

1. Where the carrier of goods by water, stows them on deck without the consent of the shipper, and in the absence of any custom (binding on the latter) thus to stow them, he will be responsible for their loss, if they are " washed overboard in a gale ;" and if a part of the goods shipped are thus lost, the shipper will be entitled to *recoupe* to the extent of their value, for the freight of the goods delivered.

Writ of Error to the County Court of Mobile.

THIS was a suit commenced before a justice of the peace, by the defendant in error, for the recovery of a sum less than fifty dollars, and removed by appeal to the County Court, where a verdict was returned for the plaintiff; and judgment rendered accordingly. On the trial certain questions of law were reserved, which are duly certified by the bill of exceptions. It appears that the defendant below, on the 16th March, 1844, shipped upon a schooner at New Orleans, sundry articles of merchandise, among which were four barrels of whiskey, all in good order and well conditioned, and, by a bill of lading, undertaken to be delivered in like good order at Mobile, (the dangers of the seas and rivers only excepted,) to the defendant or his assigns, he or they " paying freight for the said goods, twenty-four 60-100 dollars for the lot."

The plaintiff being examined in his own behalf, testified, that he stowed the four barrels of whiskey on the deck, and that they were washed overboard in a gale of wind; that the deck was entirely covered with barrels, all of which were well secured. A clerk of the defendant was introduced as a witness for the defendant, who stated that, after the arrival at Mobile, he went on board the schooner, and the master of it informed him, that he had been in a gale and lost four barrels of the freight mentioned in the bill of lading. Plaintiff also said, that he believed his vessel was overladen, and he had so informed persons in New Orleans, who induced him to take more freight than he ought to have carried. The barrels of whiskey were of the value of forty dollars.

The defendant prayed the Court to charge the jury as follows: That to entitle the plaintiff to recover, it was necessary for him to have delivered all the goods mentioned in the bill of lading; or, that under the contract evidenced thereby, he could not recover freight for those delivered; especially, if, by his own neglect, goods of greater value than the amount of it had been lost. *Further*, that the fact that the amount of freight on the goods lost, were not ascertainable under the contract, will not entitle the plaintiff to recover freight for what were delivered, if the goods lost, were worth more than the sum sought to be recovered. That in the absence of proof showing the amount of the freight carried, the jury could not apportion the same. *Lastly*, if the vessel was overladen, or the goods stowed on the deck, the plaintiff could not recover under the contract evidenced by the bill of lading. Which several instructions the Court refused to give, and charged the jury that the plaintiff was entitled to recover freight for the goods delivered, the amount of which the jury would ascertain from the bill of lading and other evidence before them. *Further*, that the damages sustained by the defendant, in consequence of the loss of the whiskey, could not be set-off against the plaintiff's demand for freight.

STEWART, for the plaintiff in error, insisted, that the failure to deliver the four barrels of whiskey, which were of greater value than the freight upon all the merchandise shipped on the plaintiff's vessel, was a bar to the demand sought to be recovered. The shipment on deck was in itself such an act of care-

lessness, or disregard of the plaintiff's undertaking, as to make him liable for the loss, no matter how it occurred. [Post & Russell v. Robertson, 1 Johns. Rep. 24; Scott v. Libby, et al. 2 Johns. Rep. 236; Welsh v. Hicks, 6 Cow. Rep. 504; Coffin v. Storer, 5 Mass. Rep. 252.]

No counsel appeared for the defendant.

COLLIER, C. J.—The personal obligation to pay freight rests either on the charter party, or on the bill of lading, by which the payment of freight is made a condition of delivery; and the general rule is, that the conveyance and delivery of the goods is necessary to entitle the carrier to freight. [3 Kent's Com. 219; Frith v. Barker, 2 Johns. Rep. 327; Palmer, et al. v. Lorrillaird, et al. 16 Johns. Rep. 348; Andrew v. Morehouse, 5 Taunt. Rep. 435; Gibson v. Mender, 2 B. & A. Rep. 17; Bradhurst v. Col. Ins. Com. 9 Johns. Rep. 17.] In the present case, the agreement as shown by the bill of lading obliges the plaintiff to deliver to the defendant or his order in Mobile, the merchandise designated in it, and the latter in consideration of such delivery, stipulates to pay a gross sum for freight. Now it might admit of question, whether it was not incumbent upon the plaintiff to deliver all the goods, before he could require the payment of the freight. [Vance, et al. v. Clark, et al. 1 Miller's La. Rep. 324.] Yet we are inclined to think, that the receipt of a part authorizes an apportionment and recovery *pro rata.* Upon this hypothesis we will consider the case.

That the defendant may resist the recovery of freight upon the ground of inexcusable loss of a part of his goods, seems to us to be a plain proposition. The principles of maritime law are exceedingly liberal, and controlled by an enlarged equity; the strict rules which govern sets off at law, would not be allowed to operate upon contracts within its influence, when these rules operate injustice. Where there is a state of things growing out of, or resulting from a contract of affreightment, showing that the shipper has been injured by the carrier to an amount equal to the freight, the latter cannot be permitted to recover. This conclusion is supported, not only by the equitable principles to which we have referred, but also by the legal right to recoupe the damages.

The only remaining inquiry is, does it appear that the four

44

barrels of whiskey were lost under such circumstances as makes the plaintiff liable to pay for them. In Barber v. Bruce, 3 Conn. Rep. 9, it was decided that where goods were placed on deck without the consent of the owner, and are in consequence thrown overboard in tempestuous weather, in the absence of a custom thus to stow them, which was binding on the shipper, the carrier was responsible for the loss. [See also Smith, et al. v. Wright, 1 Caine's Rep. 43; Lenox v. United Ins. Com. 3 Johns. Cases, 178.] These citations we think correctly lay down the law, and it follows, from the proof in the record, that the plaintiff is liable for the loss. The consequence is, that the judgment of the County Court is reversed, and the cause remanded.