PALMER & al. versus FOGG.

An obligation to draw logs to a stream is complied with, by drawing to the stream at a point most convenient to the obligor, though less convenient to the obligee than some other neighboring point on the stream.

The reduction to writing of a business contract precludes each party from proving its particular provisions ·by showing what the negotiation was, which terminated in the writing.

A written memorandum by one of the parties to a contract, in which they had been jointly interested, that he would equalize the expenses incurred under it, has no tendency to prove that there had been any intervening modification of it.

But, upon the question whether there had been a modification, such written memorandum might show that such modification was not considered to be unreasonable.

A certificate, in the caption of a deposition, that "the deponent was first

sworn," is, (unless controlled by other parts of the caption,) sufficiently evidential that the oath was administered *before* the giving of the deposition.

When a deposition, in its caption, purports to have been taken before a commissioner, appointed to take depositions in another State, his official character and the genuineness of his signature are to be presumed.

When, after the taking of a deposition, the term of the Court at which it was returnable has been abolished, and its business transferred to a subsequent term, the deposition may be rightfully opened and filed at such subsequent term.

ON EXCEPTIONS from *Nisi Prius*, TENNEY, J., presiding.

ASSUMPSIT.

Fogg contracted with the proprietors of a timber township of land, that he would cut and haul logs at a stipulated price per thousand feet, putting on eight or ten teams of six oxen each. Four or more of the teams were to be located on the *Eastern* part of the township and to haul into the Pine stream. The other teams were to haul to other waters. That stream was a short distance East of the township, running Northwardly. There was a landing place upon it at the point A, from which lumber could be conveniently run.

Above the point A, the stream was obstructed by rocks,

making it impracticable to drive logs except at large expense. *Before* that contract with the proprietors was made, the plaintiffs had examined the stream, and concluded that A would be the place, to which the logs from the East part of the township should be hauled.

After making that contract, it was stipulated between these parties, in writing, that the plaintiffs should have half the contract, and " be equal" with Fogg; " the division to be made equal as to the operation as can be got at by lotting and bidding for chance, after going on the land."

The teams were put on, and the contract with the proprietors complied with. Fogg's teams were located upon the East part of the township, and hauled to Pine stream, at the point A. He claimed that this part of the hauling was more expensive than the rest, and that, to make the thing equal, he should be allowed twenty-five cents a thousand for that hauling more than the plaintiffs should have for what they hauled, as their location was the most favorable.

On the trial, the plaintiffs contended that the increase of expense, incurred by Fogg, in hauling to point A, was merely voluntary on his part, and that a hauling into the Pine stream *at the nearest distance,* would have been a fulfillment of his obligation, under the contract with the proprietors, and that he was not bound to inquire from what position on the stream, the logs could be most cheaply driven.

And, upon this point, the Judge so instructed the jury.

The defendant insisted that the contract between himself and the plaintiffs had been modified, so that the chances should be equalized on settlement.

On this point evidence was introduced by both parties.

The defendant called one Corson to testify to a conversation between the defendant and James Palmer, one of the plaintiffs. This evidence was objected to, because the arrangement, at the close of the discussion, was put into writing, signed by Palmer and placed in the defendant's hands.

The witness was allowed to testify, *de bene esse.* He stated the admissions and declarations made by Palmer. The

Palmer *v.* Fogg.

defendant then introduced the writing, and the Judge directed the jury to disregard the evidence of Corson.

The part of the paper, deemed by the defendant to be material, was as follows : —

" I hereby agree with Joshua Fogg to be my part, in every respect, of expense in obtaining our pay for the lumbering business the past winter; also agree to an equal division of chances of teams on their location rights, as to make them equal in regard to worth to haul and value.  James Palmer."

The Court, in giving a construction to this writing, said that it did not purport to contain any admission by the signer that there had been a modification of the orignal contract, but that it was evidence of an independent agreement, and that it was not competent for one of the plaintiffs to make a new agreement, in reference to the former transaction, thereby varying essentially the former contract, so as to affect the rights of his co-plaintiffs, unless they assented to the new agreement, or ratified it afterwards, or unless the plaintiffs were co-partners in the transaction.  The Judge further instructed the jury, that the paper might be important, as having a tendency to show that Palmer did not consider the modification of the original contract to be unreasonable ; and that thus, upon the question whether there had been a modification, the paper might have a legitimate bearing.

The plaintiffs introduced three depositions, taken in Wisconsin, returnable to the June term, 1852.  Prior to the month of June, that term was abolished, and its business transferred to the October term, at which the depositions were opened and filed.

The defendant seasonably objected to the depositions, —

1. Because they were not opened and filed at the term for which they were taken, but were opened and filed at a term, when the same could not lawfully be done.

2. Because it did not appear that the deponents were sworn before the depositions were given.

3. Because, though required by the defendant, the signature and authority of the person taking the depositions were not shown.

These objections were overruled.

The verdict was for the plaintiffs, and the defendant excepted.

*J. S. Abbott*, for the defendant.

*Hutchinson* and *Leavitt*, for the plaintiffs.

HATHAWAY, J. — By the terms of the contract, Fogg was to haul the logs into " Pine stream."

The Judge instructed the jury, that *" under the contract* Fogg had the legal right to land the logs in Pine stream without regard to the question whether they could not be run, as the stream then was, he not being required to inform himself from what points in the stream timber could not be run."

There was no stipulation in the contract as to any particular place in Pine stream, where the logs should be landed, and of course, landing them in the stream was a literal fulfillment of it. The instruction was right.

The defendant objected to the admission of certain depositions purporting to have been taken before a commissioner, in Wisconsin, appointed by the Governor of this State. —

*First*, because it did not appear, that the deponents were sworn before the depositions were given. *Second*, because the signature and qualifications of the person taking them were not shown, and *Third*, because they were not filed at the term of the Court for which they were taken."

The captions of the depositions state expressly, that the deponents were *first sworn.* They appear to have been taken, on notice given to the adverse party, and the counsel for the defendant claims under the thirtieth rule of this Court, that it was incumbent on the plaintiffs to *prove*, that they were taken and certified by a person legally empowered, &c. But by the R. S. c. 134, such commissioners and their official acts, are placed upon the same footing with justices of the peace, and their official acts within this State. Hence, authentication *aliunde* is not required. *Bullen* v. *Arnold*, 31 Maine, 583.

The depositions were returnable to the term of the Court

to be holden in June ; they were opened and filed at the term held in October next ensuing. The statute of 1852, c. 246, abolished the June term, and transferred all its business to the term to be holden in October, at which term the depositions were properly filed and opened.

Hiram Corson's testimony as to Palmer's conversation with Fogg was properly excluded. The conversation was reduced to writing and signed by Palmer. The witness stated, that " the paper written and signed by Palmer embodied the substance of the conversation and admissions of Palmer and the agreement which took place, and stated verbally by the parties as he (the witness) understood it."

The writing signed by Palmer was introduced, and was, of course, better evidence than Corson's recollections. The construction given by the Judge to that writing of Nov. 2, 1842, signed by Palmer, was clearly correct, and his instructions concerning the use which might be made of it as evidence, were sufficiently favorable to the defendant.

*Exceptions overruled.*

*Judgment on the verdict.*

SHEPLEY, C. J., WELLS, HOWARD and RICE, J. J., concurred.