### CHARLES STURGES *v.* TURNEY BUCKLEY.

The defendant was engaged in the business of forwarding farmers' produce by a railroad running into New York, and selling it on commission. He took of the plaintiff a quantity of cider in barrels, disposed of it with the barrels, and returned other barrels equal in number and value. These the plaintiff refused to receive and brought trover for the original ones. Held, that a custom existing among forwarders of produce, by that and other roads and by vessels to New York, of leaving the barrels with their contents in such a case, and returning other barrels equal in number and value, was a general custom, of which the plaintiff would be presumed to have knowledge.

If such a custom did not amount to a general one, yet it would not be inadmissible in evidence, as it would tend to prove a general custom.

TROVER for eleven cider barrels ; tried to the jury in the superior court, on the general issue, with notice, before *Carpenter*, *J.*

On the trial the plaintiff offered evidence to prove that the barrels in question, filled with cider, were consigned to one James Flynn, of Norwalk, and that through Flynn as the agent of the plaintiff the barrels subsequently passed into the hands of the defendant, for the purpose of selling the cider in New York, and that the barrels were to be returned to the plaintiff. He also offered evidence to prove that the barrels had never been returned to him. The defendant claimed and offered evidence to prove that he was and for several years had been a freighter on the New York & New Haven and Danbury & Norwalk Railroads ; that his business was to take produce from farmers and others in the vicinity of these roads to New York, for sale on commission ; that it was the custom of those engaged in that business on these and other roads, and also by those engaged in taking freight to New York by vessels, to return to the owner the same casks when practicable to do so, but if not, to return others equal in number and value to those received ; that the plaintiff had presumptive but not actual knowledge of such custom ; that the defendant received the property in question from Flynn, without specific instructions as to the manner of disposing of it, and that he disposed of the cider and returned casks equal in

number and value to those received by him, and that it was not practicable to return the same casks ; that he settled with Flynn, paying him the proceeds of the cider, less his commission, before any demand was made on him for the barrels; and that he did not know the plaintiff in the transaction, and had no knowledge of Flynn's agency until after the sale of the cider.   To the admission of this testimony the plaintiff objected but the court admitted it.

The jury returned a verdict for the defendant, and the plaintiff moved for a new trial.

*Todd*, in support of the motion.

*Brewster*, with whom was *Averill*, contra.

McCurdy, J.   It appears from the evidence, the admission of which forms the ground of this motion, that the plaintiff received back casks equal in number and value to those which he sent.   But he insists that he has a right in law to demand the identical articles.   The defense was that, in returning other casks, the defendant acted in accordance with a custom or usage existing among all persons engaged, as he was, in the business of forwarding farmers' produce by railroads and steamboats to New York and selling it on commission ; and that the plaintiff sent to him the barrels and their contents to be so transported and disposed of with a presumed knowledge of this custom, and with no instructions contravening it.

The plaintiff claims that the evidence in support of this defense was inadmissible for various reasons.

1. Upon the ground that the court has found that there was an express agreement to return the same barrels.   But the motion contains no such finding.   It shows merely that the plaintiff introduced evidence to prove that fact, while the defendant offered evidence to prove that no instructions were given by the plaintiff on the subject.   And the court left the question to the jury for decision.

2. That evidence of a particular custom is inadmissible without proof of actual knowledge of it by the party to be

affected. This leads to an inquiry as to the character of the usage in question. And however difficult it may sometimes be to distinguish between the two kinds, the usage relied upon in this case is undoubtedly of the class of general customs. It is described as such in the notice. It pertains to a very important kind of business, employing many persons, existing over a large extent of country, and centering in the city of New York. Various cases have come before this court wherein a custom has been held to be binding on a party without actual notice, and in none has the usage been more palpably a general one than in the present instance. *Halsey* v. *Brown*, 3 Day, 346; *Avery* v. *Stewart*, 2 Conn., 69; *Barber* v. *Brace*, 3 id., 9; *Crosby* v. *Fitch*, 12 id., 410; *Bridgeport Bank* v. *Dyer*, 19 id., 136; *Leach* v. *Beardslee*, 22 id., 404; *Hitchcock* v. *Hunt*, 28 id., 343. Besides, if the evidence only *tended* to prove the custom averred, it would be admissible.

3. That it does not sufficiently appear that the defendant may not still have in his possession the original barrels. The proof is that they were sent with the liquor to New York and that it was impracticable to return them.

4. That the notice was of a general custom, and the evidence tends to establish a particular one, and so there is a variance. The notice avers that the defendant was engaged in the business of freighting farmers' produce from Danbury and elsewhere to New York to be sold and disposed of, and that he conformed to the general custom of those engaged in similar business in this state and elsewhere. The proof shows that his business was to take produce from farmers and others near the New York & New Haven and Danbury & Norwalk railroads to New York for sale, and that he complied with the usage of persons engaged in similar business on those and other roads, and persons employed in freighting by packets to New York. We discover no essential variance between the evidence admitted and that of which notice was given. Besides, the objection is wholly technical, and should have been taken precisely at the trial, and so presented in the motion.

To the kind of business carried on by the defendant the law of usage is unquestionably applicable; and the general rules of this law are too trite to require the citation of authorities. A custom must be established; it must be reasonable; and it must not be inconsistent with the principles of law or public policy, or the provisions of an express contract. The custom in this case is obnoxious to no objection from these rules.

We do not advise a new trial.

In this opinion the other judges concurred.

---

# SUPREME COURT OF ERRORS.

## NEW HAVEN COUNTY, FEBRUARY TERM, 1864.

Present,

HINMAN, C. J., DUTTON AND BUTLER, Js.