CHARLES STURGES *vs.* TURNEY BUCKLEY.

The defendant, who was in the business of forwarding farmers' produce to New York and selling it on commission, set up a custom of those in that business, where forwarding and selling cider and other like articles in casks, to let the casks go to the purchaser with their contents and return others of equal value. The court charged that the custom must be one that was followed in all cases by all persons in the same business along the same route, and must have been so long established that the plaintiff and all persons living in his vicinity might be presumed to have known of it and to have acted upon it as they had occasion. Held that the plaintiff could not complain of the charge, as it required as much as courts have ever required in such a case.

Such a custom is a reasonable one.

GENERAL ASSUMPSIT, appealed to the superior court from the judgment of a justice of the peace; tried to the jury, on the general issue, before *Park*, J.

On the trial the plaintiff sought to recover for a quantity of cider, and the value of his services in taking care of twelve cider barrels which he claimed belonged to the defendant, and for the storage of the same. It appeared that the plaintiff had twelve barrels of cider that he wished to sell, and that he forwarded the same to the defendant to sell on commission. The defendant was a freighter on the New York & New Haven and Danbury & Norwalk railroads, and was following the business of receiving produce and other articles of farmers along the line and in the vicinity of these roads to sell in the city of New York on commission. He received the cider and sold it, and claimed that he had accounted to the plaintiff for the cider. It was not practicable for the defendant to return to the plaintiff the barrels that he received, and he therefore returned twelve others of equal value, leaving them at the railroad depot in the town where the plaintiff lived, to be received by him in lieu of those sent to the defendant. The plaintiff sent his servant to the depot for the barrels originally sent to the defendant, and the servant supposing the barrels sent by the defendant were the same, took them to the plaintiff's residence. The plaintiff at once objected to receiving the same in satisfaction of those originally sent, and soon after notified the defendant to that effect, and that the barrels were subject to his order. On the trial the defendant offered evidence to prove that it was the custom of all persons along the line of the same roads, who followed the same business, to return other barrels, equal in number and value, when it was not practicable to return the barrels received. The plaintiff objected to the evidence, but the court received it, and in the charge to the jury, said to them, that the usage must be followed in all cases, by all persons along the line of the same roads following the business of the defendant, and must have been so long established, previous to the transaction in question, that the plaintiff and all persons living in his vicinity, as well as those doing business with the defendant and others in the defendant's line of business, must be presumed to have known of it and as occasion required acted in reference to it. The plaintiff requested the court to charge the jury that a general custom to return other

barrels than the ones taken, would not be such a reasonable custom as would change the ownership of the casks, and be binding on the plaintiff. But the court did not so charge the jury.

The jury having returned a verdict for the defendant, the plaintiff moved for a new trial, for error in the rulings and charge of the court.

*Todd,* in support of the motion.

*Averill* and *Brewster,* contra.

McCURDY, J. This case is substantially the same as that of *Sturges* v. *Buckley,* reported *ante,* page 18. It is between the same parties, refers to the same custom, and is governed by similar principles.

1. As was said in that case, if the evidence *tends* to prove the usage it is admissible. That such was the tendency of the testimony objected to in this case there can be no question. It was directly in point.

2. The charge was unexceptionable. It required as much to be proved by the defendant to establish the custom as courts have ever demanded. Except that it is more exacting, it resembles that of Chief Justice Hosmer, in the case of *Barber* v. *Brace,* 3 Conn., 9, and that of Chief Justice Church, in *Leach* v. *Beardslee,* 22 id., 404.

3. The plaintiff claimed that the custom was not reasonable. This court held that it was so in the former case. It would be most unreasonable to insist that cider sent to market should be drawn off into different casks whenever transferred from one person to another, and that the precise barrels should be sent back to the original owners. About as well might this change be required in the case of flour or pork or fish.

We do not advise a new trial.

In this opinion the other judges concurred, except Park, J., who having tried the case in the court below did not sit.