GRAND TRAVERSE FRUIT & PRODUCE EXCHANGE *v.*
THOMAS CANNING CO.

1. FRAUDS, STATUTE OF—EVIDENCE—PAROL TESTIMONY.
   Written contracts may be modified by subsequent oral agreements, if otherwise valid.

2. SAME—COMPROMISE AND SETTLEMENT—EVIDENCE.
   Testimony of a subsequent oral agreement which worked a release or discharge of the whole contract obligation was admissible, although the amount involved was more than $50.

3. SAME—EVIDENCE—FINDING BY JURY.
   Testimony, in an action for the purchase price of certain cherries, that plaintiff and defendant entered into an oral contract reducing the number of cars of cherries to be furnished under a written contract from 45 to 22½, that when 15 cars had been delivered plaintiff requested defendant to go into the open market and buy the remaining 7½ cars and charge the difference in price to it, which was done, and a bill for the difference was presented by defendant and allowed as a set-off against plaintiff's claim, *held*, sufficient to sustain a finding by the jury that the parties settled on the basis of 22½ cars.

Error to Grand Traverse; Mayne, J.  Submitted October 12, 1917.  (Docket No. 106.)  Decided March 27, 1918.

Assumpsit by the Grand Traverse Fruit & Produce Exchange against the Thomas Canning Company for goods sold and delivered.  Judgment for plaintiff.  Defendant brings error.  Affirmed.

*Colin P. Campbell,* for appellant.

*Patchin & Duncan,* for appellee.

BIRD, J.  Plaintiff entered into a written contract with defendant in June, 1916, to deliver to it during

the season 45 cars of sour cherries at a stated price. As the season progressed it became evident to plaintiff's manager, Mr. Kern, that the crop was not going to be as large as anticipated, and that it might have difficulty in filling the order. With this in mind Mr. Kern approached the defendant with the idea of reducing the number of cars to be delivered, and it is his claim that defendant did consent to reduce the number to 22½ cars. Plaintiff began to make deliveries, and, after delivering 15 cars to defendant, found it difficult to deliver the balance of the 22½ cars. Mr. Kern then authorized defendant to go into the open market and purchase the 7½ cars and charge to plaintiff the difference in price. Defendant did as requested, purchasing the 7½ cars and more. The price paid for the 7½ cars in excess of the contract price was $1,667. While plaintiff conceded that this sum represented the difference, he made an effort to get defendant to reduce this amount. Failing in this, the plaintiff then requested defendant to deduct the $1,667 from the amount owing for deliveries made and pay the balance. Defendant refused and this suit was begun to recover it. The trial court held, in substance, that the written contract could not be modified by the oral agreement, but permitted the case to go to the jury to determine whether there was a settlement between the parties. Judgment having passed for plaintiff, defendant insists that the trial court was in error, *first,* in admitting parol testimony modifying the written contract; *second,* in submitting the question of settlement to the jury.

1. Was the court in error in admitting parol testimony of the subsequent agreement? Had the testimony related to a prior or contemporaneous agreement it is apparent that its admission would have been error under the well settled rule of evidence. The claimed agreement was, however, a subsequent

agreement and it is generally held that written contracts may be modified by subsequent oral agreements if otherwise valid. *DeCamp* v. *Scofield,* 75 Mich. 449; *Liggett Spring & Axle Co.* v. *Michigan Buggy Co.,* 106 Mich. 445; *Wolff* v. *Alpena National Bank,* 131 Mich. 634; *Town* v. *Jepson,* 133 Mich. 673; *Katz* v. *Bedford,* 77 Cal. 319; *Barber* v. *Brace,* 3 Conn. 9; *Spann* v. *Baltzell,* 1 Fla. 301; *Richardson* v. *Eveland,* 126 Ill. 37; *Welz* v. *Rhodius,* 87 Ind. 1; *Illinois Cent. R. Co.* v. *Manion,* 113 Ky. 7; *Palmer* v. *Fogg,* 35 Me. 368; *Baltimore Pearl Hominy Co.* v. *Linthicum,* 112 Md. 27; *Conrad* v. *Fisher,* 37 Mo. App. 352; *Harris* v. *Murphy,* 119 N. C. 34; *LeFevre* v. *LeFevre,* 4 Serg. & R. (Pa.) 241; *McCauley* v. *Keller,* 130 Pa. St. 53; *Putnam Foundry & Machine Co.* v. *Canfield,* 25 R. I. 548; *Bryan* v. *Hunt,* 4 Sneed (Tenn.), 543; *Bannon* v. *Aultman & Co.,* 80 Wis. 307.

But counsel says that this rule does not apply in the instant case because the statute of frauds makes void contracts of this character involving more than $50 unless in writing. Upon this question the courts are divided. Some of them hold that parol testimony is admissible even where the subsequent agreement is within the statute, but the weight of authority denies this right and this court early in its history ranged itself with the latter, holding that testimony of such agreements is inadmissible. *Abell* v. *Munson,* 18 Mich. 306; *Cook* v. *Bell,* 18 Mich. 387. See, also, 10 R. C. L. 1035, and cases cited. But even those courts which hold to this view permit testimony of subsequent oral agreements which work a release or discharge of the whole contract or obligation. See note to *Abell* v. *Munson,* 100 Am. Dec. 172, citing cases.

The trial court obviously took the view of these cases and submitted the question to the jury whether the minds of the parties met on the sum which should be in discharge of their contract obligations. We are

inclined to agree with the trial court that this rule should be applied. This brings us to counsel's second proposition, that there was no testimony of such a settlement. Although the testimony was somewhat meager we think there was testimony submitted to the jury from which an inference might be drawn that the minds of the parties met on the sum of $1,667 as the sum which would put an end to their contract relations. Plaintiff's testimony, although contradicted in part, shows that he agreed with defendant's agent that the number of cars to be delivered should be reduced from 45 to 22½; that when 15 cars were delivered he asked defendant to go into the open market and buy the remaining 7½ cars and charge the difference in price to it. Defendant did so and after doing so presented to plaintiff a bill of $1,667 which the cherries had cost more than they would have cost had plaintiff delivered them at the contract price. This was presented as a set-off against plaintiff's claim. Plaintiff recognized this as the sum for which it was liable by reason of its failure to deliver the 7½ cars, but Mr. Kern, thinking the loss was large, appealed to the generosity of defendant to reduce it. This testimony, together with some other items of proof showing acts done by defendant in recognition of the subsequent agreement, is persuasive that the parties at that time understood they were dealing and settling on a basis of 22½ cars. There was sufficient testimony along this line to furnish a basis for the finding of the jury.

The judgment is affirmed.

OSTRANDER, C. J., and MOORE, STEERE. BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.