## EVA FINE.
### vs.
## ADVANCE REALTY CO.

Superior Court     Hartford County     File #51991

Present:   Hon. ERNEST A. INGLIS, Judge.

Samuel Steinberg,              Attorney for the Plaintiff.

William J. Mulligan;
Austin A. Lawlor,            Attorneys for the Defendant.

## MEMORANDUM FILED OCTOBER 20, 1936.

INGLIS, J. This is an action brought by a tenant against her landlord to recover for injuries resulting from the failure of the landlord to repair a ceiling in the leased premises. The complaint alleges that "as a part of the tenancy agreement between the parties, the defendant agreed to make all necessary repairs to her tenement." The two paragraphs which are sought to be expunged by this motion go on to allege in substance that it was the usual custom in the community where the leased premises were in relation to tenancies such as the one involved here that landlords would make all necessary repairs and that in this case the parties contracted for the tenancy with that custom in mind.

It is the well established law of this state that a landlord has no duty to repair any portion of the rented premises which

has gone into the control of the tenant unless he has agreed by contract express or implied to assume that duty or unless the duty has been imposed upon him by statute.

**Lesser vs. Kline, 101 Conn. 740.**

It is likewise well settled, generally that a positive rule of law may not be varied by evidence of the existence of a custom to the contrary.

**36 C.J. 127 (Landlord and Tenant, Sec. 766.)**

In this case, however, the plaintiff is not alleging the custom in order to vary the rule of law. The rule of law contemplates that the landlord may have the duty to repair the leased premises if the agreement between the parties puts that burden upon him and the plaintiff is alleging that the parties in this case contracted having in mind the custom which existed so that the custom became a part of the contract between them.

It is the law of this state that the existence of a custom is admissible for that purpose.

**Halsey vs. Brown, 3 Day 346.**

**Barber vs. Brace, 3 Conn. 9, 13.**

**Bridgeport Bank vs. Dyer, 19 Conn. 136, 139.**

**Sturges vs. Buckley, 32 Conn. 18.**

The ultimate question in this case is whether under all of the attendant circumstances the relationship between the parties was such that the defendant owed the plaintiff the duty to exercise due care.

**Dean vs. Hershowitz, 119 Conn. 398.**

If a custom or usage exists to the effect that landlords are to make repairs and if in making their contract in this case the parties incorporated that custom into their contract then the defendant did under all of the circumstances of this case have the duty of exercising due care in that regard. Accordingly, if the plaintiff can prove that the parties did contract with reference to that custom the existence of the custom is relevant to her case.

The motion to expunge is therefore denied.