[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
From March 11, 1994 until May 24, 1996 the defendant paid for legal services at a reasonable rate. Currently, he is indebted to the plaintiff in the sum of $3,491.10.
The counsel for the defendant is a former partner of the plaintiff, and handled the account of the defendant.
The plaintiff have brought a suit claiming principal, interest and order of payments. The defendant pled specially that he was making regular payments in accordance with a regular plan.
In Barber v. Bruce, 3 Conn. 9, the matter concerned 8 hogheads of gin shipped from Hartford to Boston. It was jettisoned during a storm.
"The defendants adduced testimony to prove, that it was the urge of the trade between Hartford and Boston, to transport gin on the vessel's deck. The jury were instructed, that if a custom authorizing the stowage was satisfactorily proved, it repelled the imputation of mismanagement and negligence. The principle of law comprised in the charge is not susceptible of doubt. A commercial usage, having existed a sufficient length of time to have become generally known, and to warrant a presumption that contracts are made in reference to it, is evidence of the intention of the parties, and illustrative of their agreement." p. 13.
"What is the rule of the common law respecting the mode in which goods are to be carried? So far as relates to this enquiry, the bailee is bound to exercise ordinary care, and is responsible for ordinary neglect. The action of the plaintiff is founded on this principle. The gist of his complaint is, that the defendants mismanaged in the stowage, and did not exercise ordinary care. CT Page 2803 Now, proof that they did what prudent men usually do, repels every imputation of neglect, want of care, and inattention to the obligations of the contract. Thus, the rule of the common law and the usage of merchants are in entire harmony on the subject under discussion; and both of them coincide with the charge of the jury." p. 14.
"Custom is generally admissible as bearing on what is proper conduct under the circumstances, but it is not conclusive. 2 Harper James, The Law of Torts § 17.3."
Southern New England Telephone Co. v. D'Addario ConstructionCo., 33 C. Supp. 596, 598.
Cf. § 34-322 (a) C.G.S.
The issues are found for the defendant, on his special defense.
Robert P. Burns Judge Trial Referee