ALBANY,
August, 1806.

Mumford
v.
McPherson.

Mumford and others *against* McPherson and others.

Where the parties in the sale of a ship, reduced the contract to writing by a bill of sale, it was held that no action would lie on a *parol warranty*, made at the time of sale, and where no fraud was alleged.

THIS was an action on a warranty, on the sale of the moiety of a ship. The cause was tried at the *New-York* sittings, the 10th of *January*, 1806, before Mr. Justice *Livingston*. On the trial it appeared that a regular bill of sale for the moiety of the ship had been executed and delivered by the defendants to the plaintiffs. It was in the usual printed form, reciting the register, and with a covenant to defend the moiety of the said ship against all persons, &c. The warranty declared upon, was, " *that the ship was completely copper-fastened,*" and to prove this, an advertisement for the sale in the public papers, in which she was described as *composition-fastened complete for coppering*, was offered in evidence. A witness was also called who was present when the bill of sale was about to be delivered to the plaintiffs, when one of the defendants, who brought the bill of sale with him executed by the other defendants, before delivering it to the plaintiffs, and before the payment of the purchase-money, in answer to a question from one of the plaintiffs, declared, that the vessel was completely copper-fastened. The defendants objected to this evidence, and the same being overruled by the judge, the plaintiffs were nonsuited.

A motion was now made to set aside the nonsuit. Two questions were raised for the consideration of the court. 1. Whether the advertisement was proper proof to establish the warranty stated in the declaration? 2. Whether, when a bill of sale, or other equivalent instrument in writing, is executed and delivered to the vendee, he can maintain an action on a warranty by parol, where there is no allegation of fraud?

*Bogert*, for the plaintiffs. This case forms an exception to the general rule, that parol evidence is not admitted to explain or vary a written instrument. A bill of

sale is required by the law of the *United States*, in the transfer of vessels, from principles of policy in relation to navigation and revenue; but it is not of the essence of the contract of sale, nor necessary to the transfer of the thing from the vendor to the vendee. If, for a valuable consideration, the owner of a ship sell and deliver her to another, the property is completely transferred; though, without a bill of sale in the manner prescribed by the act, the vessel in the hands of the new possessor would not enjoy the benefits and privileges of an *American vessel*. Matters *dehors* the instrument may be given in evidence where the action is founded on fraud and deceit in the sale. Almost all the ancient actions in regard to fraud and deceit in sales are founded in *tort*; but in modern times, the action most used is assumpsit; and where assumpsit is brought on a warranty, no *scienter* need be alleged or proved.\* In the case where a person sells a term, and warrants the term to be of a certain value, or free from incumbrances, an action will lie on this *parol warranty*.† So an action will lie on a warranty or representation as to the value of an estate, made to induce the persons to buy it, though a deed be afterwards given.‡

[*Court*. Can a case be found where an action has been brought on a *parol* contract, made *uno flatu* with a *written* contract? The cases you cite are all on *deceit*.]

In these cases, though not precisely to this point, will be found the principles for which we contend. Actions for a *deceit* have been superseded by *assumpsit*. § It is the same as if it were an action of *deceit*; the contract is not rescinded; the party keeps possession, and brings his action for the damages. Where the matter offered in evidence does not contradict the written instrument, but is merely to show a collateral fact, in order to explain the intention of the parties, it may be proved by *parol*.¶

*Kent, C. J.* You do not show any express authority, that where you have reduced a contract to writing, and the previous conversations are thereby merged in the

\* 2 *East*, 451. *Williamson* v. *Allison*.

† 3 *Term*, p. 55, 59. *Paisley* v. *Freeman*. 1 *Roll. Ab.* 95. *Yelverton*, 20, 21.

‡ 1 *Ld. Raym.* 1118. *Lysney* v. *Selby*.

§ *Douglas*, 17. *Stuart* v. *Wilkins*.

¶ *Peake's Law of Evidence*, 117, 118. 2d. edit.

ALBANY,
August, 1806.

Mumford
v.
McPherson.

*Douglas,* 21.

written instrument, you can bring an action on such pre-vious conversations.

*T. A. Emmet,* for the defendants. All the cases which have been cited are those of *deceit,* where the *gist* of the action is *tort.* It may be true, that an action would lie for the false affirmation or fraud; but it does not follow that the party can have an action grounded on the *war-ranty, dehors* the written contract. The different actions in regard to sales, were, 1. *deceit;* 2. *warranty;* 3. *as-sumpsit.* The change that has taken place in later times, has been from *warranty* to *assumpsit,* and not by substi-tuting the latter for the action of *deceit. Assumpsit* has been resorted to, in order to enable the plaintiff to add the money-counts, and to incorporate warranty with assumpsit.* The contract for the sale of this vessel, is one and indivisible; it has been reduced to writing under the hands and seals of the parties. An attempt is now made to prove another contract under a special warranty; for a contract with one warranty is quite different from a contract with two war-ranties. The case cited from *Yelverton* is not in point; it is law only in regard to an action of *deceit;* what is said about warranty is a mere *obiter dictum.* If a man will make a foolish or imprudent assertion, and the party insists on a warranty, he shall have his action of warranty. For he cannot maintain an action of deceit for a mere as-sertion. The case from *Peake,* is one of a *latent ambigui-ty* in a deed, which, it is agreed, may be explained by *parol;* but here the plaintiffs wish to set up a particular warranty not contain d in the deed. The distinction about the sale of a ship is not well founded. This spe-cies of property has from very early times been transfer-red by written instruments. It is a well settled and safe mode of conveyance, prescribed by law; and when the parties have thought proper to follow this mode, and to make use of a deed to express their contract, that deed must contain all the stipulations between them. In this bill of sale there is but one warranty; and it is a new

doctrine that there can be a warranty in writing, and a warranty by *parol*, in the same contract.

*Benson*, in reply. A bill of sale is merely *symbolical* of the delivery of the ship. The property in a vessel will pass without any written instrument. Suppose a sale of a mere hulk, not intended for future navigation, and the vendor should, at the time, affirm or warrant that she contained a certain number of bolts; and there should be a receipt or memorandum of the sale, without expressing the warranty, would not an action lie on such parol affimation, or warranty, which must have been an inducement to the purchase? The bill of sale is merely to identify the vessel, and the register is inserted for that purpose, and to establish her national character. These bills of sale are printed forms used for the sake of convenience, and to enable vessels to enjoy the privileges conferred by the statutes on American bottoms. The cases relating to real estates do not apply. They always pass by deed, and you may protect yourself by covenants. As the vendee may examine the title, or rely on the covenants, the maxim is *caveat emptor.*

THOMPSON, J. delivered the opinion of the court. This is an application to set aside a nonsuit granted at the trial. The warranty alleged to have been made is, *that the ship was completely copper-fastened.* Upon the trial the bill of sale was produced, which contained no such warranty. The plaintiff then offered to prove by *parol*, that one of the defendants, after the bill of sale was executed, and before it was delivered, did, to a question put by one of the plaintiffs express himself to the effect of the warranty contained in the declaration. The plaintiffs also offered to prove, that the defendants, in advertising this ship for sale, had described her as composition-fastened, complete for coppering. This testimony was overruled, and the question now presented is, whether it ought to have been admitted, and was sufficient to maintain the action?

3 I

ALBANY,
August, 1806.

The plaintiffs were rightly nonsuited. It is not pretend-ed that there was any fraud in this case : the action is founded upon a supposed warranty. Had the plaintiffs' claim rested on a deceit in the sale, the advertisement of-fered might have been admitted, as a circumstance tend-ing to establish the fraud ; but it could have no relevancy to the establishment of a warranty that depended upon the contract between the parties. But admitting a parol war-ranty to have been fully proved, no action could have been maintained upon it. The contract between the par-ties was reduced to writing, and contained in the bill of sale, and recourse must be had to that instrument to as-certain its extent. It cannot be a safe or salutary rule to allow a contract to rest partly in writing, and partly in pa-rol. Wherever it is reduced to writing, that is to be con-sidered as the evidence of the agreement, and every thing resting in parol becomes thereby extinguished.* The plaintiffs must, therefore, take nothing by their motion.†

Judgment of nonsuit.

* 2 *Caines*, 161.
5 *Viner*, 515, 517?
† 2 *Caines*, 48. *Seixas* v. *Woods*.