Hall, Judge.
— The testimony of Pearce is objected to, because it is said it goes to establish the special count, and form a contract variant from that set forth in the indorsement, which is in writing. Without at all impugning the rule, or believing that it ought to be impugned, which forbids the introduction of parol testimony to alter a written agreement, I think, the testimony was properly received. A contract in writing contains, in express terms, or by natural inference, the stipulations into which the parties have thought proper to enter. What is an assignment ? It is a name written on the backof a bill or note, in blank or ixi full, when it is expressed to whom the indorse- *302 mcnt is made. Now, who would understand any thing more even from an indorsement in full, than that the indorser had parted with his interest in the bill or note, and trans-fcrre(2 y. |0 i11(iorsee ? There are no words to this effect, that if the indorsee use diligence to get the money from the drawer or maker, and fail, and then give timely notice to the indorser, that he the indorser shall he liable. How then does the indorser come to stand in that predicament, when there is nothing like it stipulated in the in-dorsement ? The law merchant has placed him in it, and fixed that liability upon him, which he has not subjected himself to by an express contract. If the law has imposed this obligation upon him, it must he for reasons founded in good policy •, hut when these reasons cease, the obligation loses its force. An instance may be readily given,, and that is, where the drawer of a bill has no effects in the hands of the drawee; this fact does not appear from the indorsement; how does it appear ? From parol evidence. If the objection to Pearce’s testimony, in this case, be good, as altering a written contract, it would be equally good against the parol evidence in the case just put, where a question was never raised about it. Again, there is authority for saying, that where the drawer or maker is a bankrupt, there is no necessity of giving notice to the indorser, if he knew the fact at the time of the indorsement. How is this to be known without the introduction of parol testimony ? I admit this authority has been doubted, but not as to the purpose for which I introduce it, that is, to shew that parol evidence is admissable in. cases of indorsement, to do away the obligation of an indorsee to give notice, when the natui’e of the case does not require it. Cliitty, in his treatise on Bills, 63, says, “ that by the very act of drawing a bill, a man enters into “ an engagement with the payee, unless it be otherwise es agreed, that the person on whom he draws is capable of “ binding himself by his acceptance, that he is to be found * at the place, &c.” What is meant by the words “ other» *303 “ wise agreed ?” do they mean that such agreement shall be inserted in the indorsement, because parol evidence is not admissible to prove it ? I think not — a majority of the Court are of opinion,' that the parol evidence was properly received $ that the rule for a new trial must be discharged and judgment be given for the Plaintiff.
Tavxor, Chief-Justice, contra
I cannot assent to the opinion of my brethren, which 1 have reflected upon with anxiety, to perceive, if I could, the fallacy of the reasoning which has led me to a different conclusion. It may, however, be obvious to others, and may hereafter become so to myself. I will state the reasoning upon which my opinion is founded.
The law has precisely ascertained the rights and duties of the indorser and indorsee, respectively, resulting from an indorsement, made as this is in the visual form. The indorser undertakes that if the indorsee present the note to the maker in due time, the latter will pay it according to its tenor ; and that if he fail to do so, he himself will, upon receiving notice of the failure of the maker, pay the amount in all cases, where notice is not dispensed with by the law in consequence of certain circumstances ; and that where it is so dispensed with, he will pay without notice. In this case, the testimony of Pearce would add to the indorsement which is in writing, a parol stipulation, tending to increase the duties of the indorsee, and to weaken and circumscribe the responsibility of the indorser. The admission of such evidence is, in my opinion, not only calculated to produce all the danger and confusion, to avoid which is the professed design of excluding parol evidence, in any case, to add to a written contract, but is at variance with a current of authorities, the force of which has been often i’ecognized by this Court.
In an action brought by the assignee of a bond, upon a written assignment in general terms, parol evidence was offered to shew that the Defendant had expressly guaran *304 teed tlic payment of the bond 3 but it was rejected as an attempt to charge the assignor beyond the plain words and meaning of his written contract.-* On the sale of a slave, ^ j3efencjaiit warranted the title in writing, which was a bill of sale in all other respects, except that it was unsealed, the Plaintiff declared on a warranty of, soundness, and offered to prove by parol, that the slave was unsound3 bat the Court rejected the evidcncc.† Where the parties in the sale of a ship reduced the contract to writing by a bill of sale, it was held that no action would lie on a parol warranty made at the time of sale, no fraud being alleged5 it being a rule of law, that whenever a contract is reduced to writing, the writing is to be considered as the evidence of the agreement, and every thing resting in parol becomes thereby extinguished.‡
An attempt has been made to distinguish this case from the cases quoted, and a multitude of others belonging to the same class, on the ground, that the indorsement says nothing about notice 5 that the duty of giving notice results by operation of law, and therefore parol evidence shewing that the parties dispensed with it, or substituted something else for it, does not vary the written contract. To my understanding, the principle seems to be the same, whether the terms of a contract be distinctly stated by the parties, and its effects and consequences put down in writing, or whether they be annexed to it by operation of law. In both cases it is the contract of the parties, and parol evidence to change it, is alike dangerous in both. Let us see whither the principle will lead us. The words iS grant and demise” imply a waiTanty in a lease for years: yet, if the doctrine contended for by the Plaintiff be correct, it would be right to prove by parol, that it. was agreed the lessor should not warrant. If a man enter into a covenant without naming his executors, they are liable by operation of law, yet it might be shewn, that the *305 parties agreed they should not be liable. A man who covenants to pay rent, is liable to do so, although the house he destroyed by fire -, yet he might prove a parol agreement that he should not be liable.
In addition to this, it appeal's to me that the distinction has been considered and found untenable by several adjudged cases. In Hogg v. Smith,* it was held that parol evidence cannot be received to control the legal import of a known commercial instrument. In Thompson v. Ritchan,† a note for the payment of money, in which no time of payment was specified, was declared on. The note was executed in Jamaica, and the Defendant offered evidence to shew a parol agreement that the money was to be paid on the arrival of the parties at New-York. But it was refused, on the ground that the time of payment was part of the original contract; and if no time of payment be expressed in a'note, the law adjudges it to be payable immediately. What was said by the Chief-Justice in that case, appears to me to cover all the ground taken by the Plaintiff in this. “ When the operation of a contract is 46 clearly settled by general principles, it is taken to be “ the true sense of the contracting parties; and it is <e against established rule to vary the operation of a wri-<e ting by parol proof.” I would then ask, if the operation of this indorsement is not clearly settled by general principles of law ? If so, it was the true sense of the contracting parties, that notice should he given to the indor-ser of the drawer’s delinquency ; consequently, it cannot be right to vary that obligation by parol proof.

 4 Dallas 340.

 I Law Repos, 263.

 1 Johns. 414.

 1 Taunt. 347.

 8 John. 189.