JOHN S. GALPIN AND ANOTHER *vs.* BRYAN ATWATER.

The defendant agreed to sell the plaintiffs a patent right for the making of sewing machines, within a certain district, for the sum of $400, for a part of which the plaintiffs were to give a note and let the defendant have a horse for the balance, the defendant reserving the right to manufacture machines within the district. The note was at once given and the horse delivered, and the defendant thereupon executed and delivered to the plaintiffs a deed conveying the patent right; the deed stating the amount of the consideration and reserving to the defendant the right of manufacturing machines in the district, but containing no stipulations as to the quality of the machines made under the patent. Held, that the plaintiffs could not prove by parol evidence that, at the time of the sale and prior to the execution of the deed, the defendant warranted the machines made under the patent "to work well, and not drop stitches, and to do the various sewing of a family."

The deed was regarded upon the facts as the contract of the parties reduced to writing, and therefore as merging all the prior parol transaction, and not as a mere execution, in part, of a prior and complete parol contract.

ASSUMPSIT on a warranty. The declaration alleged that on the 21st day of September, 1857, the defendant sold to the plaintiffs the patent right for Atwater's patent sewing machines, for the county of Middlesex, for the sum of four hundred dollars, and promised to deliver to them a sample machine within ten days, and at the time of the sale warranted the machines made under the patent " to work well and not drop stitches, and to do the promiscuous sewing of a family ; " and alleged a breach of the warranty.

On the trial to the jury on the general issue, the plaintiffs,

to prove the promise and warranty alleged in the declaration, introduced as a witness John S. Galpin, one of the plaintiffs, who testified that, on the 21st day of September, 1857, he and his brother, the other plaintiff, purchased of the defendant the right to manufacture and sell "Atwater's patent sewing machine," in and for the county of Middlesex; that on that day, and before the purchase was perfected, the defendant promised the plaintiffs that the sewing machines manufactured under and according to the patent, " would work well and would not drop stitches, and would do the promiscuous sewing of a family," and that he "would deliver to the plaintiffs a sample machine in a week or ten days." He further testified that the price to be paid by the plaintiffs for the right was $400; that he, the witness, was to give his note for $250, and that his brother was to let the defendant have a horse for the remaining $150; that the note and horse were delivered according to the agreement, and the bargain closed; and that thereupon the defendant executed and gave to the plaintiffs the following deed conveying to them the patent right.

" Whereas I, Bryan Atwater, of, &c., did obtain letters patent of the United States, for certain improvements in sewing machines, which said letters patent bear date the 5th day of May, A. D. 1857; and whereas John S. Galpin and Charles H. Galpin, of, &c., are desirous of acquiring an interest therein: now this indenture witnesseth, that in consideration of the sum of four hundred dollars, to me in hand paid, the receipt of which is hereby acknowledged, I have assigned, sold and set over, and do hereby assign, sell and set over, unto the said John S. Galpin and Charles H. Galpin, all the right, title and interest which I have in the said invention, as secured to me by the said letters patent, for, to, and in the county of Middlesex, in the state of Connecticut, and in no other place or places; the same to be held and enjoyed by the said John S. Galpin and Charles H. Galpin for their own use and behoof, and for the use and behoof of their legal representatives, to the full end of the term for which said letters patent are or may be granted, as fully and entirely as the same would have been held and enjoyed by me, the said Atwater, had this assignment and

Galpin *v.* Atwater.

sale not been made. The right to manufacture machines in said Middlesex county, to be sold out of said county, is hereby reserved. In witness whereof I have hereunto set my hand and affixed my seal, this 21st day of September, 1857.

BRYAN ATWATER, [L. S.]

To the evidence regarding the promise and warranty of the defendant, the defendant objected, on the ground that all the representations and warranties sworn to ₁by the witness were merged in the written instruments, (the deed of conveyance, and the promissory note for $250,) and could not be proved except by the writings themselves. The plaintiffs claimed that the contract on which the suit was brought, was completed before the execution of the writings and therefore was not merged in them, and that the writings were made in pursuance of and to carry into effect the contract which the parties had made ; and that therefore the parol testimony was admissible. The court overruled the defendant's objection and admitted the testimony.

The jury rendered a verdict for the plaintiffs, and the defendant moved for a new trial for error in the admission of the evidence.

*Tyler* and *Warner*, in support of the motion.

The deed was drawn by the parties, not merely as a conveyance of the title to the patent, but with the intention of reducing the entire contract to writing. It expresses the consideration, and contains every element of a perfect contract, and there is no latent or patent ambiguity in it. The deed and the parol transaction testified to by the plaintiffs were cotemporaneous. The deed is admitted to contain a part of the contract between the parties, and the law presumes that it contains the whole. The contract of warranty can not exist without the contract of sale. The sale being in writing, by a legal necessity, the warranty must be merged in the written instrument. The warranty and sale are not severable ; the one can not exist in parol and the other in deed, for a party can not divide up his contract so as to leave one part resting in parol and the other in covenant. This was not a contract

for a deed, as was the case in *Adams* v. *Grey*, 8 Conn., 11, nor was the deed given merely as a performance of a prior parol contract, as was the case in *Collins* v. *Tillou's Admr.*, 26 Conn., 368. The parties made the contract and at once put it in writing in the form of a deed. The parol evidence was therefore not admissible. It was an attempt to add a warranty to a written contract of sale which contained no warranty, and to change a contract executed and complete into an executory contract. Our position is amply sustained by the authorities. *Reed* v. *Wood*, 9 Verm., 287. *Davis* v. *Bradley*, 24 id., 55. *Linsley* v. *Lovely*, 26 id., 123. *Powell* v. *Edmunds*, 12 East, 6. *Pickering* v. *Dowson*, 4 Taunt., 779. *Kain* v. *Old*, 2 Barn. & Cress., 627. *Gardiner* v. *Gray*, 4 Camp., 144. *Lano* v. *Neale*, 2 Stark., 105. *Harnor* v. *Groves*, 29 Eng. L. & Eq., 220. *Mumford* v. *McPherson*, 1 Johns., 414. *Van Ostrand* v. *Reed*, 1 Wend., 424. *Wilson* v. *Marsh*, 1 Johns., 503. *Dean* v. *Mason*, 4 Conn., 428.

*Dutton* and *Lounsbury*, contra.

The only question raised upon this record is, whether the plaintiffs are precluded by the deed of assignment or conveyance of the patent right, from proving by parol evidence a warranty of the machine by the defendant. We admit the rule to be as established in *Dean* v. *Mason*, 4 Conn., 428, that when an agreement is reduced to writing, all previous negotiations resting in parol are resolved into and extinguished by the writing. But to bring a case within the rule the writing must purport to contain the contract of sale, and must be intended by the parties to embrace their whole contract. *Hogins* v. *Plympton*, 11 Pick., 97. *Bradford* v. *Manly*, 13 Mass., 142. *Linsley* v. *Lovely*, 26 Verm., 123. *Lockett* v. *Nicklin*, 2 Exch., 93. This deed does not purport to contain the contract of sale, and was not so intended. The agreement to convey was a part of the original contract, which was entirely by parol, and the conveyance was a part execution of the contract and in pursuance thereof. *Adams* v. *Grey*, 8 Conn., 11. *Collins* v. *Tillou's Admr.*, 26 id., 368. Although the parties have made a written contract, yet it may also be

shown that at the same time they made an oral contract touching the subject of the writing, if it does not contradict or vary it. *Hersom* v. *Henderson*, 1 Foster, 224. *Jeffery* v. *Walton*, 1 Stark., 267. *Wait* v. *Gibbs*, 4 Pick., 297. The warranty was of the *machine;* the conveyance was of the *right* only. The former was corporeal, the latter a franchise. Thus the warranty was of an article which was not the subject matter of the conveyance. There is therefore no presumption that an agreement as to the quality of the machines would be embraced in a mere conveyance of the patent right.

ELLSWORTH, J. In the argument of this case the counsel for the plaintiff fully admitted the correctness of the rule that whenever parties enter into an agreement and reduce the agreement to writing, the writing must be held to merge the preceding negotiation, and be taken as the exclusive evidence of their final understanding; and also that the written contract must be taken to express all the terms and conditions of the contract. Such is undoubtedly the well established rule of law. *Barber* v. *Brace*, 3 Conn., 9; *Dean* v. *Mason*, 4 id., 430; 2 Am. Lead. Cases, 395; 5 Viner Ab., 516; *Mumford* v. *McPherson*, 1 Johns., 414; and cases hereinafter cited.

From these principles it would seem to follow, if we consider the sale in question to have been reduced to writing at the time it was made, that no parol warranty can be ingrafted upon the contract, whether this supposed warranty be cotemporaneous with the deed of sale or made before it was executed. Indeed, it is quite probable that there was no actual sale until the deed which expresses the terms of the sale was completed and delivered; and we think the parties must have so understood and intended, for certainly they had no idea that their contract was left to rest in parol.

The facts as claimed by the plaintiffs, and upon which they rely as showing a parol sale prior to the execution of the deed, were stated by one of the plaintiffs, who testified upon the trial. He stated in his testimony, that, on the 21st day of September, 1857, he and his brother purchased the interest in

the patent, for the sum of $400, to be paid part in a note and part in a horse; that on that day the bargain was finished and "closed," the note and horse delivered to the defendant, and the deed thereupon executed and delivered to the plaintiffs. Here, most obviously, we think, the sale was, as we have said, intended and understood to be finished when the deed was delivered, and not before, leaving nothing further to be done by the parties to evidence their agreement; the writings expressing their entire relations to each other in the transaction. If indeed, in drafting the writings mistakes had occurred, and the true terms of the sale were not all expressed in them, there would have been and perhaps still is a mode of correcting the error, but as the writings now stand they must be taken to be conclusive as to what the contract of the 21st of September was. How then can a parol warranty be appended to the deed, " that machines upon this patent shall work so as not to drop stiches, and do the promiscuous sewing of a family." This is a most material addition to the terms of the sale expressed in the deed.

From this conclusion there is no escape but upon the theory of the plaintiffs' counsel, that the contract of the 21st of September was not reduced to writing, nor intended to be, but remained executory in parol; or, in other words, that the defendant's deed was not a part of the contract of sale, but a part execution of an earlier parol contract. This theory we can not admit as applied to the facts and evidence before us. We are persuaded that the contract must be taken to be made at the time when the mutual writings were made and exchanged, and herein we think lies the great error in the reasoning of the plaintiffs' counsel, who assume as true premises what can not be sustained upon the proof.

As further evidence that the plaintiffs' theory can not be correct, we would suggest that it is not readily seen how a patent can be assigned under the laws of Congress, or the statute of frauds, or perhaps the common law itself, but by a contract in writing, which of necessity puts an end to the theory of a parol executory sale.

If then it be true that the sale in question falls within these

principles, very little if any thing at all remains of this controversy but a simple question of fact,—was the sale reduced to writing when it was made, or was a writing or deed indispensable to a sale or transfer? If these questions are answered in the affirmative, as we think they must be, we have here only the ordinary case of a sale by a written contract, which expresses the terms of the sale; and no lawyer will pretend for a moment, that to the sale of a horse or other chattel in writing, a parol warranty can be added, making a material alteration or addition to the written contract. We will not pursue the discussion of this question, since the doctrine advanced is too familiar and of too constant application in courts of justice to admit of any doubt.

We proceed to notice, very briefly, the cases read to us in the argument. *Barber* v. *Brace*, 3 Conn., 9. *Dean* v. *Mason*, 4 id., 430. 2 Am. Lead. Cases, 395. 5 Viner Ab., 516, 517, 518. *Mumford* v. *McPherson*, 1 Johns., 414. These cases sustain the views above expressed, and need no examination or comment. The case of *Collins* v. *Tillou's Admr.*, 26 Conn., 368, has been pressed upon us as presenting a different doctrine on the subject; but the effect of that case is misapprehended. The decision was put upon the ground that the deed, upon the particular facts of the case, was but a part execution of a prior contract, and not the contract between the parties; carrying out in that instance the theory advanced by the plaintiffs' counsel—a theory which was applicable there, but which we hold to be inapplicable to the case on trial. The case of *Crocker* v. *Higgins*, 7 Conn., 342, is of the same character. The cases read from the Massachusetts, New Hampshire, and Vermont reports, do not, as we understand them, contain a contrary doctrine. They are all placed expressly on the ground that the contract of sale was not in fact, nor intended to be, reduced to writing, and that what was in writing was only a bill of parcels, a receipt for money, or a memorandum given for a purpose different from that of affording evidence of the terms of the agreement. And such is the character of the English cases. *Lockett* v. *Nicklin*, 2 Exch., 93. *Jeffery* v. *Walton*, 1 Stark., 267.

The rule of law as above laid down by us, is no where, so far as we know, doubted or questioned by any court or jurist; certainly not as a rule of law; though courts and judges may very well differ in the application of it to a given case; for we know that a contract, where the law does not hold a writing to be necessary, may be left in parol, in which case the execution and delivery of a writing may, if it was so intended by the parties, be held to be, as in *Collins* v. *Tillou's Admr.*, a part execution of a prior parol contract; in such a case sustaining the theory of the plaintiffs. We will only add that, in the following cases in England and this country, it has been decided that a parol warranty can not be superadded to a written contract of sale. *Kain* v. *Old*, 2 Barn. & Cress., 627. *Pickering* v. *Dowson*, 4 Taunt., 779. *Greaves* v. *Ashlin*, 4 Camp., 426. *Powell* v. *Edmunds*, 12 East, 6. *Harnor* v. *Groves*, 29 Eng. L. & Eq., 220. *Vandenheuvel* v. *United Ins. Co.*, 1 Johns., 406. *Wilson* v. *Marsh*, id., 503. *Van Ostrand* v. *Reed*, 1 Wend., 424. *Linsley* v. *Lovely*, 26 Verm., 123.

We therefore advise a new trial.

In this opinion the other judges concurred.

New trial advised.