Gholson, J.
In the case of Thurston v. Ludwig, 6 Ohio St. Rep. 1-4, it is stated as the settled general rule, “ that all parol negotiations between the parties to a written contract, anterior to, or cotemporaneous with, the execution pf the instrument, are te be regarded, as either merged in it, or concluded by it.” In the same case (page 8), it is said: “ There is a class of cases, where parol evidence has been admitted in connection with written evidence, where it is apparent from the writing itself, that it does not embody the whole contract of the parties, or where the verbal agreement is not inconsistent with, but supplementary to, the written agreement.”
*205 That case did not require an inquiry into the extent or limits of this exception to the general rule. There is some variation in the terms in which the class of cases coming within the exception are described; but the principle which is to be applied is clear enough. The difficulty lies in the application of the principle to particular cases.
What has been stated to be a general rule, as to the exclu sion of parol evidence, may be regarded as an exception to a rule still more general. Oral witnesses are generally legitimate means and instruments of evidence. “ Oral evidence may be used indifferently as original and independent evidence of a fact, either concurrently with, or in opposition to, written testimony,” with certain exceptions, and “ written evidence, however superior it may be, and frequently is, in effect, to mere oral evidence, does not in any case, of its own authority, unaided by an express rule of law, exclude such evidence.” 3 Stark. Ev. 1054. But “ when written instruments are appointed, either by the immediate authority of law, or by compact of parties, to be the permanent repositories and testimonies of truth; it is a matter both of principle and of policy to exclude any inferior evidence from being used, either as a substitute for such instruments, or to contradict or alter them.” Id. 994. “The parties, by making a written memorial of their transaction, have implicitly agreed, that in the 'event of any misunderstanding, that writing shall be referred to as proof of their act and intention; that such obligation as arose from the paper, by just construction or legal intendment, should be valid and compulsory on them; but that they would not subject themselves to any stipulations beyond their contract; because if they meant to be bound by any such, they might have added them to their contract, and thus have given them a clearness, a force, and a directness, which they would not have by being trusted to the memory of a witness.” Smith v. Williams, 1 Murph. Rep. 426, cited, 3 Phillips Evid., notes, 1466; note 984.
If the written instrument has, by compact of the parties, been appointed the memorial of the transaction, and oral evi *206 dence is offered in reference to the same transaction, it can not be received. But if the transaction, to which the oral evidence is directed, can be regarded as a different one, collateral to and distinct from the one of which the written memorial has been made, or, what perhaps is substantially the same, the written memorial was not made of the whole transaction, but of some distinct and separable part, then the case is not within the rule.
To give effect, however, to the rule, it must be presumed that the writing contains the whole agreement — an expression of the intentions and admissions of the parties touching the subject matter of that agreement, unless from the nature of the transaction in connection with the writing itself the contrary appears. “ When the contract is reduced to writing, the law presumes that the writing contains the whole agreement.” 3 Phil. Ev., notes 1467,- note 984. “ To permit terms to be ingrafted by mere parol evidence, upon a written agreement, would be attended with all the danger, laxity and inconvenience, which the general rule is calculated to exclude; for an agreement might, by such additional terms, be as effectually altered as if the very terms of the agreement had been changed by parol evidence.” 3 Stark. Ev. 1007.
Upon principle, therefore, the question, in such a case as the present, is, whether the matter sought to be proved by parol was either in fact, as shown by the scope and effect of the writing, or by presumption of law, a part of the same transaction, as to which that writing expresses an agreement made by the parties ? We think, while the written agreement may be considered as silent on the subject of the improvement which .it is alleged the landlord agreed to make, yet the making such an improvement is to be regarded as a part of the transaction by presumption of law, and can not be separated from it, or regarded as a distinct transaction. Any negotiation, therefore, in relation to such an improvement, is concluded by the written agreement. The situation of premises must necessarily enter into the minds of parties making an agreement for a lease. The cost of making improvements would diminish the compensation to be received by the land *207 lord, and enhance the benefit to be derived by the tenant, and we see no reason to say, when after a negotiation for a lease, an agreement is reduced to writing, that the writing does not contain the whole agreement as to the repair of the premises to. be leased. If there be a doubt in such a case, the proper rule of decision, and we may add, the policy of the law, requires that it be solved against the party alleging an exception to a rule so beneficial as that which protects written agreements from being altered or added to by parol evidence.
In deciding as to the application of the principle which permits exceptions to that rule, we have examined a number of authorities. Brigham v. Rogers, 17 Mass. 571; Hogins v. Plympton, 11 Pick. 97; Lapham v. Whipple, 8 Metc. 59; Mumford v. McPherson, 1 Johns. 414; Van Ostrand v. Reed, 1 Wend. 424; Creery v. Holly, 14 Wend. 26; Spencer v. Tilden, 5 Cowan, 144; Renard v. Sampson, 2 Kern. 561-566; Hersom v. Henderson, 1 Foster, 224; Webster v. Hodgkins, 5 Foster, 128; McCullough v. Girard, 4 Wash. C. C. 289; Preston v. Merceau, 2 W. Black. 1249; Rich v. Jackson, 4 Brown C. R. 514; Jeffery v. Walton, 1 Stark. R. 267; Allen v. Pink, 4 Mees. & Welsh. 140; Mowatt v. Lord Loudesborough, 3 E. & B. 307; Mowatt and Elliott Case, 3 De G. M. & G. 254. But there are only two of them, which we regard as sufficiently analogous to the present case to require particular notice.
In the case of Preston v. Merceau, 2 W. Black. 1449, parol evidence was offered to show that, in addition to the rent stipulated in the written agreement for a lease, the tenant was to pay a certain ground-rent on the property. The evidence was held inadmissible; but Justice Blackstone said: “We can neither alter the rent nor the term, the two things expressed in this agreement. With respect to collateral matters it might be otherwise. He might show who is to put the house in repair, or the like, concerning which nothing is said.” This dictum of Justice Blackstone was cited in the case of Brigham v. Rogers, 17 Mass. 571; but it was there said: “'the illustration is not perfect; for it by no means follows, that the repairing of the tenements leased is to be *208 considered as collateral to the terms of the writing.” And it being proposed in that case to prove by parol, that before the lease was executed, the landlord agreed to make certain repairs, and that he renewed this agreement at the time the lease was executed, the court said: “ It seems to us, that we might as well permit the tenant to prove that the landlord was to build another stable, or make any other addition to the demised premises, as to permit this supposed personal agreement to be enforced. If we should come to- that result, it would seem to be but a fair and an equivalent counterpart to the rule, to permit the. landlord to prove that the tenant was to make payments, or perform services in addition to the stipulated rent; and thus it would happen that a written contract would afford no security or certainty. But we have seen that the tenant can not be obliged to pay beyond the stipulations in the lease; and we are of opinion, that the landlord is not bound by parol testimony, to provide other or better accommodations for his tenant, than are set forth in the writing.” Id. 574.
It is claimed in this case that the rule does not apply, because the verbal promise was the consideration of signing the lease. But it is obvious that the same might be claimed as being implied in every case, when it is shown by parol that some stipulation ought to have been; but was not, expressed in the writing. There may he cases where an instrument executed is not intended to express the entire agreement of the parties, but is in execution of some distinct and separable part. This, we think, is not such a case, but falls, for the reasons we have stated, within the rule excluding parol evidence.
The court of common pleas, therefore, erred in the admission of the evidence to which the defendant objected, and its judgment was properly reversed.
Judgment of the district court affirmed.
Scott, C.J., and Sutlife, Peck and Brinkerhoee, J J., concurred.