(103 App. Div. 118.)

## COOPER v. PAYNE.

(Supreme Court, Appellate Division, Third Department.  March 8, 1905.)

1. CONDITIONAL SALE.
   Whatever the original contract of sale, the parties may, on the price not being paid at the stipulated time, turn it into a sale conditioned that title shall remain in the seller till payment of the price.

2. SAME—ACCEPTANCE.
   The purchaser of a machine manufactured for a special purpose, which, by the contract of purchase, is to be installed by the seller, cannot, as matter of law, be held to have accepted it because for some months it remained in the purchaser's factory in its original wrappings, and the seller for some time sought unsuccessfully for opportunity to install it; he having acquiesced by subsequently installing and testing it, with the result that it failed to do the work for which it was intended.

3. SAME—EXPRESS WARRANTY.
   An express warranty of a machine, contained in advertisements or letters of the manufacturer, cannot be read into a subsequently executed written contract of sale.

4. SAME—IMPLIED WARRANTY.

Notwithstanding a written contract of sale of a machine by the manufacturer, containing no warranty, there is an implied warranty that it is fit for the purpose for which it is made, and will do the work.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 773.]

5. SAME—RETURN OF PROPERTY.

To entitle one who has purchased a machine on the condition that title shall remain in the seller till the price is paid to avail himself of the defense of breach of the implied warranty that the machine will do the work for which it was made, he must, after a reasonable time for inspection, have returned or offered to return the machine.

Appeal from Trial Term, Montgomery County.

Action by Charles Cooper against Henry B. Payne. From a judgment on a verdict directed for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

H. V. Borst, for appellant.

J. S. Sitterly (A. J. Nellis, of counsel), for respondent.

HOUGHTON, J. The defendant ordered to be manufactured by the plaintiff, for use in his factory, a machine for knitting ribbed underwear cuffs, at a stipulated price, payable in 30 days. The plaintiff advertised himself as a manufacturer of such machinery, accepted the order, manufactured the machine, and shipped it to the defendant. After the 30 days had expired, payment not having been made, on the 26th day of May, 1903, the defendant executed a contract in which he recited that he had on that day purchased the machine in question (then in his possession) conditionally of the plaintiff, and that the plaintiff should retain title until the entire purchase price should be paid. This contract contained all the essential features of a conditional purchase and sale. Whatever may have been the legal status of the parties prior to the execution of this paper is unimportant, for the vendor and purchaser had the right, if they saw fit, to change their positions; and thereupon the plaintiff became a conditional vendor, and the defendant a conditional vendee, and the transaction one of conditional sale.

The machine remained in the defendant's factory, in its original wrappings, for some months. It may be fairly assumed from the evidence that it was a part of the agreement entered into by the plaintiff to install the machine in the defendant's factory. The correspondence shows that for some period of time the plaintiff sought opportunity to do so, and that later the defendant urged that it be done. On the 1st of December, 1903, the defendant executed another contract, reciting that he had purchased the machine in question, and agreeing to pay interest on the purchase price, and to give notes, coming due at various times, for the amount due. This contract provided that the former one of conditional sale should in no way be affected by it. Shortly after the execution of this later contract the plaintiff installed the machine in defendant's factory, and, after repeated trials, it failed to do the work for which it was intended. The plaintiff's representative sought a letter of accept-

ance from the defendant, which he refused to give. Within a few days after this final test of the machine, the plaintiff brought this action on one of the notes given on December 1st, and it is from the judgment obtained thereon that the defendant appeals.

Notwithstanding the long period of defendant's possession, we do not think it can be said, as matter of law, that he had accepted the machine. It remained in his factory, with its packings about it. The plaintiff was to install it. It was designed for delicate work. Whether it would do it, or not, could only be determined upon trial. There had been long delay in installing, but the plaintiff had acquiesced by subsequently making the test. The purchaser of a machine manufactured for a special purpose is entitled to a reasonable time for examination, and that reasonable time includes time enough to put the machinery in motion, and see whether or not it operates properly. Brown v. Foster, 108 N. Y. 387, 15 N. E. 608. At most, therefore, it became a question of fact whether, under all the circumstances shown, the defendant, notwithstanding his long possession, had actually accepted the machine.

Neither of the contracts contained any express warranty. Even if the plaintiff's advertisement as to the character and capacity of the machine which he manufactured, and the correspondence between the parties prior to the execution of the contracts, could be held to be express warranties in the absence of any written contract, they could not be held such where the parties subsequently entered into a written contract and deliberately omitted them. An express warranty, although in the form of advertisements or letters, cannot be read into a subsequently executed written contract of sale. Mumford v. McPherson, 1 Johns. 414, 3 Am. Dec. 339; Randall v. Rhodes, 1 Curt. 90, Fed. Cas. No. 11,556. But the defendant still had an implied warranty that the machine was fit for the special purpose for which it was manufactured. Where the buyer has no special knowledge, a person who manufactures and sells a machine known to be for a particular purpose impliedly warrants that it is fit for that purpose, and that it will do the work for which it is intended. Gaylord Mfg. Co. v. Allen, 53 N. Y. 515, 518; Edwards v. N. Y. & H. R. Co., 86 N. Y. 247, 50 Am. Rep. 659; Cram v. Gas Engine & Power Co., 75 Hun, 316, 26 N. E. 1069. And this implied warranty survives, notwithstanding a written contract containing no warranty. Carlton v. Lumbard, Ayres & Co., 149 N. Y. 146, 43 N. E. 422. By their contract the parties stipulated that the condition upon which the defendant should acquire title to the machine was payment of the purchase price. There was therefore between them only an executory contract of sale, not to be completed until payment had been fully made. The passing of title is the distinguishing feature of an executed contract of sale. Benj. on Sales, § 308.

From the multitude of cases to be found in the books applying express and implied warranties to executed and executory contracts of sale, the following well-established rules may be formulated: In an executed contract, the vendee may retain the property, and sue or counterclaim for breach of an express or implied warranty.

*Muller v. Eno*, 14 N. Y. 597, 602. In an executory contract, the vendee may retain the property, and sue or counterclaim for breach of an express warranty. *Day v. Pool*, 52 N. Y. 416, 11 Am. Rep. 719; *Brigg v. Hilton*, 99 N. Y. 52, 3 N. E. 51, 52 Am. Rep. 63. But in an executory contract, where there is a claimed breach of implied warranty, the vendee must, to entitle him to damages, after a reasonable time for inspection, return or offer to return the thing contracted to be sold. *Reed v. Randall*, 29 N. Y. 362, 86 Am. Dec. 305. The reason for these rules is that, where there is an express warranty or an executed contract, the vendor has delivered such articles as he has seen fit in performance of his contract, and, if they do not fulfill its terms, he must suffer damages as a consequence, while in an executory contract, the sale not being complete until delivery or tender, the vendee must determine by inspection whether the goods conform to the agreement, for he cannot rely upon the warranty implied by law as being a part of his unexecuted contract. The vendee in an executory contract is not obliged to accept goods different from those for which he has bargained, and if, after discovery of or reasonable opportunity to discover, any defect, he neither returns nor offers to return the goods, and thereby rescind the contract, if there be no warranty other than the implied one, he is conclusively presumed to have acquiesced, and cannot thereafter complain. *Coplay Iron Co. v. Pope*, 108 N. Y. 232, 15 N. E. 335. In the present case the defendant did not return or offer to return the machine after discovery of the defect, and we are of opinion that that omission is fatal to his appeal.

It is urged that there was no occasion for returning or offering to return, because title was in the plaintiff, and he could take possession at any moment. It is true that he could retake the property, but he still had the right to retain the contract which the defendant had entered into with him, and had the right to have the defendant say whether or not he desired to continue or repudiate it. The underlying principle of the rule requiring the vendee in an executory contract of sale to return or offer to return the property seems to be that, when he has obtained sufficient information to enable him to act, it is his duty to affirm or disaffirm the tendered delivery, and to accept or reject the article offered in compliance with his contract. Acceptance may be inferred from his conduct, but rejection must be by some affirmative action. If the defendant had rejected the machine, the plaintiff might have chosen to retake, instead of putting himself to the trouble and expense of action and foreclosure under the statute. The rule requiring a return or offer to return under an executory contract of sale is inflexible, and we fail to see why it does not apply with full force to a conditional one.

The respondent urges as a further reason why the judgment should be affirmed that the appellant failed to establish any damages according to the proper rule, but whether he did or not is unnecessary for us to decide, in view of our conclusion upon the main question involved.

The judgment and order must be affirmed, with costs. All concur; SMITH, J., in result.