## COOPER v. PAYNE.

(Supreme Court, Appellate Division, Third Department.  March 7, 1906.)

**1. SALE—ELECTION OF REMEDIES—EFFECT OF ELECTION—CONDITIONAL RECOVERY OF PURCHASE PRICE.**

Where, under a contract for the sale of a machine, the relation of the parties was that of conditional vendor and conditional vendee, the vendor could not, after asserting his title to the property and taking the same from the vendee's possession under authority of the contract, recover the purchase price.

[Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Election of Remedies, §§ 12, 17; vol. 43, Cent. Dig. Sales, §§ 1418, 1419, 1436.]

**2. SAME—NOTES GIVEN FOR PURCHASE PRICE—APPLICATION OF PROCEEDS OF SALE.**

Nor could such vendor sell the property and apply the proceeds of the sale on promissory notes given by the vendee for the purchase price.

**3. SAME—ACTS CONSTITUTING ELECTION—AFFIRMATION OF SALE.**

Where a vendor took possession of property sold, under a stipulation in the contract authorizing him so to do on default of the vendee, and applied the proceeds of a·sale of the property on one of several notes given by the vendee for the price, such acts, together with his negotiation of another of the notes, and an action on such note and on the former note, did not constitute an irrevocable election on his part to affirm the sale, thereby rendering it impossible for him to take the property as owner, the status of the parties being fixed when the contract was made, so that, after so taking the property, he had no right of action on the note.

Appeal from Trial Term, Montgomery County.

Action by Charles Cooper against Henry B. Payne.  From a judgment dismissing the complaint, plaintiff appeals.  Affirmed.

For former report, see 93 N. Y. Supp. 69, 103 App. Div. 118.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Andrew J. Nellis and J. S. Litterly, for appellant.

Henry V. Borst, for respondent.

COCHRANE, J.  This action is on a promissory note given by the defendant to the plaintiff in part payment of a machine manufactured by the plaintiff for use in the defendant's factory.  The machine was ordered by the defendant in December, 1902.  Plaintiff accepted the order, agreeing to deliver the machine within 60 days, and that the stipulated price therefor should be paid within 30 days after delivery.  The machine was sent to the defendant, and, payment therefor not having been made within 30 days after it reached him, the parties thereafter, and on May 26, 1903, executed a contract in which it was recited that the defendant had on the last-mentioned day purchased the machine conditionally of the plaintiff, and that said machine was then in defendant's possession, and that defendant would pay therefor a specified sum on demand, and by such contract it was expressly agreed "that the title of the said property does not pass by virtue of this conditional sale, but said property is to remain the property of the said Charles Cooper, his heirs, and assigns and subject to his control until above-described payment is made," and it was also agreed that in case of

failure by the defendant to make payment for the machine such failure should work a forfeiture of all his legal and equitable claim to the property, and that the plaintiff should have the right to take possession thereof.

On December 1, 1903, no part of the purchase price of the said machine having been paid, the parties executed another written instrument providing for a series of four promissory notes to be given by the defendant to the plaintiff in payment of the machine, which instrument also provided that it should not in any way affect any of the terms, covenants, and conditions of the former written instrument of May 26, 1903. At the time of executing the instrument of December 1, 1903, there was due to the plaintiff from the defendant a small amount for merchandise. This, however, was included in a cash payment of $100 made by the defendant at that time, and the balance of said payment of $100 was to apply on the purchase price of the machine; so that there was no consideration for the four promissory notes, except the purchase price of the machine and interest. The said four promissory notes matured at different times. Action was brought on the one first maturing, in which action plaintiff recovered a judgment which was affirmed on appeal to this court. Cooper v. Payne, 103 App. Div. 118, 93 N. Y. Supp. 69. The note herein involved is the second one of the series. After the commencement of this action, and on June 28, 1904, plaintiff took the machine against the protest of the defendant, and on July 8, 1904, sold it after advertising the same and on notice to the defendant, and claims to have applied the proceeds after deducting the expenses of the sale on the two notes of the series last maturing. Defendant by supplemental answer, which he was permitted by the court to serve, alleges as a defense to this action the taking of such property by the plaintiff, and the consequent failure of the consideration of the promissory note on which the action is brought.

It was held by this court in the former action (103 App. Div. 118, 93 N. Y. Supp. 69), in affirming the judgment in plaintiff's favor on the first promissory note, that the contract of May 26, 1903, constituted a transaction of conditional sale, and that the plaintiff became a conditional vendor and the defendant a conditional vendee, and that there was between the parties only an executory contract of sale not to be completed until payment was fully made. It was by reason of such determination that the plaintiff procured in that action an affirmance of the judgment in his favor; the defense being a breach of an implied warranty in the sale of the machine, and the court holding that, the defendant not having returned or offered to return the machine after discovering its defects, such warranty did not survive the acceptance of the property the contract of sale being executory only, although the rule would have been different if the sale had been executed. The facts in the two actions concerning the nature of this contract are the same and the determination in the former action that the transaction was one of conditional sale forecloses further discussion of that question. The relation between the parties being that of conditional vendor and conditional vendee, plaintiff cannot, after asserting his title to the property in question and taking the same from the defendant's

possession and selling the same, recover the purchase price thereof. Earle v. Robinson, 91 Hun, 363, 36 N. Y. Supp. 178, affirmed 157 N. Y. 683, 51 N. E. 1090, on opinion below; White v. Gray's Sons, 96 App. Div. 154, 89 N. Y. Supp. 481. Plaintiff cannot disaffirm the contract of sale, take and keep his property, and at the same time require the defendant to pay therefor. Neither could he sell the property and apply the proceeds of such sale on the promissory notes of the defendant. That was attempted in Earle v. Robinson, supra, but it was held that there was a failure of consideration, and that the whole original indebtedness was wiped out by the action of the creditor.

Plaintiff negotiated the promissory note, which is the subject of this action, and now claims that such act on his part, and the institution by him of actions on this and the former note, and his subsequent acts in reference to the sale of the property, constituted an irrevocable election on his part to affirm the sale, and made it impossible for him to take the property as owner. Such acts on the part of the plaintiff might be available to the defendant in an action involving title to the property. Orcutt v. Rickenbrodt, 42 App. Div. 238, 59 N. Y. Supp. 1008. But the plaintiff cannot avail himself of his own acts or omissions performed long after the execution of the contract in question to impart a character to such contract which it did not otherwise possess. The status of the parties was fixed when the contract was made and plaintiff could not change it by his own subsequent acts or omissions. Moreover, this contention of the plaintiff reacts against himself; for the only justification he had for taking this property was this contract, which has been held to be a conditional contract and which gave him the right only to take the property as owner, and if he had irrevocably affirmed the sale to defendant, as he claims, so that he could not take the property under such contract as owner, then he had no other right whatever to take it, and his action in taking it was a conversion thereof. But he cannot urge his own wrongful act in converting the property as a reason why he should maintain this action.

The judgment should be affirmed, with costs. All concur.