HENRY PELS & CO. v. DAVID M. OLTARSH IRON WORKS OF NEW YORK.

(Supreme Court, Appellate Term. May 18, 1911.)

1. SALES (§ 479*)—CONDITIONAL SALES—BREACH BY BUYER—REMEDIES OF SELLER.

On a breach of a conditional sale contract by the buyer, the seller may disaffirm the sale and retake the chattel, or he may ratify the sale and sue on the contract, and his remedies are inconsistent, so that, where an election is made, it is final.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418–1438; Dec. Dig. § 479.*]

2. SALES (§ 479*)—CONDITIONAL SALES—BREACH OF CONTRACT—ACTION FOR PRICE—EFFECT.

The commencement of an action by a seller on a note for a part of the price of goods sold under a conditional sale contract is an irrevocable election to ratify the sale, though the buyer has breached the contract, and he cannot subsequently sue to disaffirm the sale and retake the goods.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418–1438; Dec. Dig. § 479.*]

3. SALES (§ 479*)—CONDITIONAL SALES—ACTION FOR RECOVERY OF CHATTELS SOLD—EVIDENCE.

In an action by a seller in a conditional sale contract to recover the chattel sold for the nonpayment of the price, evidence that the seller had previously brought an action on a note given for a part of the price is admissible under a general denial.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418–1438; Dec. Dig. § 479.*]

Appeal from City Court of New York, Trial Term.

Action by Henry Pels & Co. against the David M. Oltarsh Iron Works of New York. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Frankenthaler & Sapinsky (Joseph Sapinsky, of counsel), for appellant.

Edgar N. Dollin (Bruce R. Duncan, of counsel), for respondent.

GUY, J. Defendant appeals from a judgment entered upon the verdict of a jury in favor of plaintiff awarding the plaintiff possession of

a patent shear machine, together with costs, and decreeing that, in case the possession of the machine could not be had, plaintiff recover the value thereof, together with costs. The evidence establishes that in July, 1907, plaintiff shipped to the David M. Oltarsh Iron Works, a New Jersey corporation, the machine in question, which was sold to said Iron Works upon the following terms, contained in a written order (Plaintiff's Exhibit 1):

"Payment: To be made in New York funds, $250. Cash on delivery, $250. Thirty days after date of invoice, balance in seven $200 notes, drawn monthly; first note to start sixty days after the date of invoice, with interest. Machine to remain the property of Henry Pels & Co. until fully paid."

The purchaser paid on account of the machine, shortly after the delivery thereof, $250, and gave $1,650 in promissory notes. Various payments were made on some of these notes, aggregating $1,000. In default of payment of the balance due on the notes, plaintiff brought suit to recover possession of the machine, or for the value thereof in case possession could not be given to plaintiff. On the trial the defendant sought to introduce proof that plaintiff had previously elected to ratify the sale and vest title in the purchaser by the commencement of an action on a promissory note which was given as part of the purchase price of the machine. Objection was made to such evidence, and the court, in sustaining the objection, ruled as follows:

"All testimony concerning any other action other than the subject-matter of this suit will not be permitted."

To such ruling defendant took an exception. This evidence was improperly excluded.

[1] Upon the breach of a conditional bill of sale, the vendor may either disaffirm the sale and retake the chattel, or ratify the sale and sue upon the contract. These remedies are inconsistent, and where an election is made it is final, and cannot be reconsidered.

[2] The commencement of an action upon one of the notes given as part of the purchase price would constitute an irrevocable election. Terry v. Munger, 121 N. Y. 168, 24 N. E. 272, 8 L. R. A. 216, 18 Am. St. Rep. 803; Avery v. Chapman, 127 N. Y. Supp. 721; Kirk v. Crystal, 118 App. Div. 32, 103 N. Y. Supp. 17; aff'd 193 N. Y. 622, 86 N. E. 1126; Cooper v. Payne, 111 App. Div. 785, 97 N. Y. Supp. 863.

[3] Evidence of this character was admissible under a general denial. See Terry v. Munger, 49 Hun, 560, 2 N. Y. Supp. 348; Milbank v. Jones, 141 N. Y. 340, 36 N. E. 388.

It is contended by respondent that, even conceding that the note was given in part consideration for the machine, the evidence of the commencement of a suit upon said note was not admissible, because of the provision in the contract that title should remain in the vendor until the price was fully paid, and it was not established by the evidence that the note was for the full balance due. All evidence on this point having been excluded by the trial justice, the defendant was deprived of the opportunity to prove this fact. The exclusion of this evidence being erroneous and prejudicial to defendant's rights, the

judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.  All concur.